**Elmer BROWN, et al., Plaintiffs,**

v.

**Harold WASHINGTON, et al.,
Defendants.**

**No. 87 C 125.**

United States District Court,
N.D. Illinois, E.D.

June 1, 1987.

■■■■■■■■■■■

John L. Gubbins, Chicago, for plaintiffs.

Jonathan Siner & Arthur Christie, Asst. Corp. Counsel, Chicago, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs are a group of Chicago police personnel who claim their 1984 transfers from Chicago's Office of Municipal Investigation ("OMI") are actionable under two provisions of the post-Civil War civil rights statutes. Plaintiffs assert those transfers were motivated by their race (they are white) or their politics (they were transferred by former OMI Executive Director Raleigh Mathis ("Mathis"), who had recently been appointed by new Chicago Mayor Harold Washington ("Washington")) or both.

Defendants, in reliance on this Court's rulings in a virtually identical lawsuit, *Cygnar v. City of Chicago* (see the "Opinion," 652 F.Supp. 287 (N.D.Ill.1986)), have moved for partial summary judgment. Plaintiffs (who are represented by the same lawyer who acted for the *Cygnar* plaintiffs) respond by relying on the various submissions made by that lawyer in the *Cygnar* case. For the reasons stated in this memorandum opinion and order, the summary judgment motion is granted in part and ruling is reserved in part.

■ Washington and Chicago Police Superintendent Fred Rice ("Rice") have provided uncontroverted affidavits in which (1) Washington negates any personal involvement in plaintiffs' transfers from OMI and (2) Rice negates anything but his purely routine approval of Mathis' transfers, made wholly without knowledge of the race or political affiliation of the individuals transferred. That leaves no genuine issue of material fact under Complaint Counts I and II, because liability under 42 U.S.C. § 1983 depends on personal culpability and not respondeat superior. *Monell v. De-*

*partment of Social Services of the City of New York,* 436 U.S. 658, 691–92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Washington and Rice are therefore entitled to summary judgment on the Count I and II claims.

Complaint Count III sounds in racial conspiracy under 42 U.S.C. § 1985(3) ("Section 1985(3)"). Because that claim too must depend on personal and not vicarious liability (*Owens v. Hass,* 601 F.2d 1242, 1247 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); see *Bell v. City of Milwaukee,* 746 F.2d 1205, 1269 (7th Cir.1984)), Washington and Rice are entitled to summary judgment there as well. With those two out of the case, remaining defendants Mathis and the City of Chicago ("City") say the whole claim must fall, because by definition (in the same sense that we cannot hear the sound of one hand clapping) a conspiracy requires plural conspirators—and Mathis and City say they do not fill that description.

■ To evaluate that argument, this opinion must first examine Mathis' qualified immunity defense. Mathis seeks summary judgment not only as to Count III, but also as to the other claims, under that defense (see *Cygnar,* 652 F.Supp. at 295–99). In response, plaintiffs have simply chosen to stand on the same grounds as did the plaintiffs (through the same lawyer) in *Cygnar.* Because this Court found qualified immunity applicable in that case—even on the arguendo assumption of politically-motivated transfers, as well as on the admitted fact of race-conscious transfers—the same result follows here. Simply put, there is no genuine issue as to any *material* (that is, outcome-determinative) fact that bears on qualified immunity. Summary judgment must therefore be entered for Mathis in his individual capacity (which also eliminates any potential for punitive damages, *Cygnar,* 652 F.Supp. at 295).

■ That means only *one* defendant—City—remains in Count III, even though Count III ¶ 34 speaks in plural terms: It says "defendants were conspirators engaged in a scheme and conspiracy...." But that is not a fatal deficiency. It is

possible for one defendant to be immune from liability, and yet other defendants may be liable for conspiring with the immune party. *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

 Accordingly it remains necessary to determine whether City may be held liable under Section 1985(3) for conspiring with one of its own employees—Mathis. In that respect, although *Dombrowski v. Dowling*, 459 F.2d 190, 193 (7th Cir.1972) and other cases have suggested—consistently with the general law of conspiracy—that a principal and its agent may not be jointly liable in civil rights litigation on a conspiracy theory, that question appears to have been left open in this Circuit for Section 1985(3) purposes by *Cohen v. Illinois Institute of Technology*, 524 F.2d 818, 830 (7th Cir. 1975); but cf. *Johnson v. Brelje*, 482 F.Supp. 125, 130 (N.D.Ill.1979) (rejecting a comparable Section 1985(3) claim "under the reasoning of *Dombrowski* "). Accordingly this Court reserves ruling as to Count III pending further submissions by the litigants.