869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila J. STUDER, Plaintiff-Appellant,
v.
Judge Richard D. HEETER, Individually and Officially; Rose
Heeter, Wife of Richard D. Heeter; Judge Randall Basinger,
Individually and Officially; Wife of Randall Basinger;
John Fiocca, Individually and Officially; Wife of John
Fiocca; Jane & John Does, Defendants-Appellees.
 No. 88-3632.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sheila J. Studer appeals the dismissal of her civil rights complaint filed under 42 U.S.C. Secs. 1981-1988. Studer alleged that defendants, two state judges, an attorney and their spouses conspired to defame her in connection with an earlier state court civil lawsuit. That lawsuit, in which plaintiff sued one of the defendant state judges, was dismissed by the second defendant state judge at plaintiff's cost. The district court dismissed the instant complaint, finding that the defendant judges enjoy absolute immunity and that plaintiff failed to allege a cognizable claim against the remaining defendants.
 
 
 3
 Upon consideration, we conclude that the complaint was properly dismissed. The defendant judges are absolutely immune for acts undertaken in their official capacity. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's allegation of conspiracy is merely a conclusion and is insufficient to support plaintiff's claim that the defendant attorney conspired with the state trial judge to impose costs upon plaintiff. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Merely winning a lawsuit does not constitute a conspiracy with the judge. Dennis v. Sparks, 449 U.S. 24, 28 (1980). Further, plaintiff made no allegation that the defendant spouses were involved in any manner.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.