**Stephen Kirk BOULTER, Plaintiff,**

v.

**Edward JORDAN, Sheriff of Weld County, Colorado; William Boulter; Mary Connor; Roger Boulter; James Boulter; as individuals, as corporate shareholders, directors and officers of Sun & Soil Inc., a Colorado corporation, Trustee (William Boulter) and beneficiaries of the Fannie Boulter Trust; Richard Dunning, as President and Owner of Dunning Investigations; and Wallace Young, as employee and agent of Dunning Investigations, Defendants.**

**Civ. A. No. 89–C–629.**

United States District Court,
D. Colorado.

March 20, 1990.

Glenn Bergmann, Lakewood, Colo., for plaintiff.

Thomas Houtchens and Jan Rundus, Greeley, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff Stephen Boulter filed this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants have conspired to deprive him and have deprived him of personal property, his right of access to his residence, his right to freedom from unreasonable searches and seizures, his right to privacy, and his right to associate freely with his grandmother, prior to her death. Defendants are Edward Jordan, the Sheriff of Weld County, Colorado; Richard Dunning and Wallace Young, private investigators employed by Dunning Investigations; Roger Boulter; William Boulter; James Boulter; and Mary Boulter Connor.

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has responded by opposing the motion. The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is alleged to exist pursuant to 28 U.S.C. § 1331.

### I. Facts.

This case involves a family feud. Plaintiff contends that the defendant sheriff, acting in his official capacity, furnishes the link to provide this court jurisdiction over the action under § 1983. The complaint alleges: Since 1982 the plaintiff had been living at 1702 First Avenue, Greeley, Colorado, the residence of his paternal grandmother Fannie Boulter. Plaintiff was very close to his grandmother. She asked him to move into her residence to care for her when she was almost 100 years old. Plaintiff received $300 per month from the Fannie Boulter Trust ("trust") for caring for his grandmother. The trust had been established by family members in 1986. Although feeble and blind, Fannie Boulter was still mentally sharp and the major decision-maker of her trust. Defendant William Boulter, Fannie Boulter's son and the plaintiff's uncle, serves as trustee.

Plaintiff contends that he invested about $35,000.00 mostly from his own funds, for improvements to his grandmother's property. He also conducted a TV satellite antenna business from the premises. Fannie Boulter, who died in April 1989, believed that she or her trust owned the property and intended to leave it to the plaintiff upon her death.[1]

On September 6, 1988, the plaintiff requested copies of the trust documents from the trust's attorneys so that he could read the documents to Fannie Boulter. These documents revealed the ownership of the residence. Soon after making his request

---

**1.** Plaintiff, by affidavit, provides a document that allegedly demonstrates Fannie Boulter's intent to bestow the property on him.

to the trust's attorneys, the plaintiff was forcibly evicted from his home by the defendants. Plaintiff claims that, although not present at the eviction, the defendant Sheriff Jordan gave his tacit approval and permission, without a court order, for the Boulter defendants to evict the plaintiff. Plaintiff further asserts that the Boulter defendants evicted him with the aid of the defendants from Dunning Investigations and that they subsequently searched and seized his personal property. After he had been evicted, a district attorney advised the plaintiff to speak with the defendant Sheriff Jordan. Sheriff Jordan, instead of offering assistance, allegedly threatened to arrest the plaintiff if he should attempt to regain access to the residence.[2]

Plaintiff claims damages from being deprived of his own personal property, income from his business, and income for the care of Fannie Boulter until her death. He seeks both compensatory and punitive damages as well as injunctive relief.

## II. Discussion.

The United States Supreme Court has employed a two-pronged test to determine whether or not a claim falls within the scope of 42 U.S.C. § 1983. First, the conduct complained of must be committed by a person acting under color of state law and, second, the conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

As to the first requirement, *Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir.1987) stated that:

"[a]lthough the color of state law requirement of § 1983 is perhaps typically met by action on the part of a state official, it is nonetheless well established that private individuals, in a proper case, can also be held liable under § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 [101 S.Ct. 183, 186, 66 L.Ed.2d 185] (1980)." *Id.* at 1114.

*Lee* went on to note that the Supreme Court had laid down a "two-part approach" to determine whether conduct allegedly depriving a party of his federal rights may be "fairly attributable" to a state. *Id.* at 1115 (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). *Lugar* set out this test as follows:

"First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982).

In other words, "[t]his fair attribution test has two components: a state policy and a state actor." *Roudybush v. Zabel*, 813 F.2d 173, 176 (8th Cir.1987).

The "under color of state law" provision can also be fulfilled if the plaintiff can show that the state official and private person(s) reached an understanding between themselves to deprive the plaintiff of rights guaranteed under the Constitution. *Adickes v. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Mere conclusory allegations of civil conspiracy alleged in an effort to bring a case under § 1983, however, cannot withstand a motion to dismiss. *Sanchez v. Marquez*, 457 F.Supp. 359 (D.Colo.1978).

Taking the facts alleged by the plaintiff as true, he has not sustained his

---

**2.** Plaintiff has provided an affidavit setting out the alleged involvement of the defendant Sheriff Jordan.

burden under *Lugar* to plead that there was a state policy and a state actor. This case apparently involves nothing more than a family dispute concerning rights in Fannie Boulter's last residence. Sheriff Jordan's alleged minimal actions in aiding the other defendants to evict the plaintiff from the home, taken as true, do not amount to "the exercise of some right or privilege created by the state." Furthermore, the plaintiff's complaint fails to allege that the defendants "obtained significant aid from the state officials." *Lugar, supra,* 457 U.S. at 937, 102 S.Ct. at 2754. Moreover, the plaintiff's allegations of conspiracy are merely conclusory. For these reasons, the plaintiff has failed to allege facts sufficient to demonstrate that any of the defendants' actions are attributable to the state.

I have examined the entire file and all the issues raised by the parties. I conclude that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 in this court, but I make no determination of the viability of his claims if filed in an appropriate state court. Therefore, the defendants are entitled to prevail on their motion to dismiss.

Accordingly IT IS ORDERED that the plaintiff's complaint and action are dismissed without prejudice to assert his claims in a state court.

Each party shall bear his or her own costs.