J. Edward ROCHE, Plaintiff

v.

Robert DONAHUE; Thomas M. Menino, Individually and in his capacity as Mayor of the City of Boston; and the Boston Redevelopment Authority, Defendants.

No. CIV.A. 96–12533–GAO.

United States District Court,
D. Massachusetts.

Nov. 6, 1997.

---

John A. Hanrahan, Law Office of Susan A. Jackson, Boston, MA, for Plaintiff J. Edward Roche.

Gary C. Crossen, Feriale Abdullah, Foley, Hoag & Eliot, Boston, MA, for Defendant Robert Donahue.

Dawna McIntyre, City of Boston Law Dept., Boston, MA, for Defendant Thomas M. Menino.

Rebecca J. Wilson, William V. Hoch, Peabody & Arnold, Boston, MA, Dennis C. Callahan, Boston Redevelopment Authority, Boston, MA, for Defendant Boston Redevelopment Authority.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiff J. Edward Roche brings this action against the defendant The Boston Redevelopment Authority (the "BRA"), Thomas M. Menino, individually and in his capacity as Mayor of the City of Boston, and Robert Donahue, alleging various violations of Massachusetts and federal laws in connection with the termination of Roche's employment at the BRA and his failure to be reappointed to the Boston Board of Zoning Appeals. The defendants have each moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the motions are granted in part and denied in part.

### Background

In considering a motion to dismiss for failure to state a claim, a court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party. *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). For the purposes of this motion, the following allegations made by the plaintiff will be assumed to be true.

Roche was employed by the BRA in various temporary positions beginning in January 1988. He was appointed to the position of Director of Special Projects/Harbor Planning as of September 18, 1989.

On May 1, 1993, Roche was appointed by Mayor Raymond L. Flynn to the Zoning Board of Appeals for the City of Boston ("Zoning Board") for a term of five years, ending May 1, 1998.

The defendant Menino was elected Mayor in a special election in 1993. Roche alleges that during the election campaign Menino personally pressured him to join his campaign, and that defendant Donahue, then volunteer campaign director for Menino, told him, "You will be with us or you will be fired—you do understand that, don't you Eddie." (Verified Complaint, ¶ 33).

After Menino's election, the Zoning Board was reconstituted pursuant to a Home Rule Petition submitted to the Legislature by Mayor Menino. The plaintiff was not reappointed to the reconstituted Board.

In May of 1994, Roche was informed that the Director of the BRA intended to submit his name to the BRA Board requesting that the Board vote to terminate his employment. Having been given the choice between voluntary resignation or a hearing before the Board that would very likely lead to his termination, Roche chose to resign.

### Constructive Discharge Claims

Counts I–V of Roche's complaint all relate to the manner in which Roche's employment with the BRA came to an end. In sum, he alleges that because was not informed that he had certain seniority rights, his choice to resign from the BRA was both uninformed and "coerced." By coercing his resignation, the BRA deprived him of his constitutionally protected property interest in continued employment and violated his rights under state law said to be applicable in the event of workforce reductions. (*See* Verified Complaint ¶¶ 12–14).

 This Court has previously held in the case of a similarly situated plaintiff that BRA employees do not enjoy seniority rights under Mass. Gen. L. ch. 121B, § 52. *Lewis v. Boston Redevelopment Auth.*, No. 94–12103–GAO, slip op. at 9–16, 1996 WL 208473 (D.Mass. Apr.4, 1996). The failure of the BRA to inform its employees of nonexistent rights is not a violation of law and does not vitiate the voluntariness of the resignation. Regardless of whether Roche can be categorized as a permanent or temporary employee, his resignation was not a constructive discharge. Counts I, II, III, IV, and V must be dismissed for failure to state a claim.

### First Amendment Claims

Roche further alleges that the BRA, Donahue, Menino, and the City of Boston all violated his rights to political association guaranteed by the First Amendment to the United States Constitution by forcing him to resign because he refused to support Menino's candidacy for Mayor (Counts VI, VII, and VIII). He relies on the well recognized proposition that "the first amendment protects nonpolicymakers from being drummed out of public service on the basis of their political affiliation or advocacy of ideas." *Correa–Martinez v. Arrillaga–Belendez* 903 F.2d 49, 56 (1st Cir.1990).[1]

 In order to withstand a motion to dismiss in a political patronage case, the plaintiff must make a "fact-specific showing that a causal connection exists linking defendants' conduct, as manifested in the adverse employment decision, to plaintiff's politics, that is, the plaintiff must have pled facts adequate to raise a plausible inference that he was subjected to discrimination based on his political affiliation or views." *Correa–Martinez*, 903 F.2d at 58.

 Roche's complaint alleges several instances in which Menino asked him for political support and he refused. He further alleges that he was specifically told that he would lose his job as a result of his failure to support the Mayor's election. Subsequently, he was selected for termination by the Director of the BRA who was appointed by the

---

1. It is not clear that Roche should be classified as a "nonpolicymaker" in either of his positions. On the present motions, however, that potentially disputed fact can be assumed in his favor.

Mayor. Because Roche's allegations, if proven, could support an inference that the Mayor was instrumental in his selection for termination, the complaint is sufficient to state a claim under 42 U.S.C. § 1983.[2]

■ With regard to the defendant Donahue, Roche's complaint is also sufficient to withstand a motion to dismiss. Donahue may be considered to be acting "under color of law" for § 1983 purposes even though he is not a public official. "It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). *See also, Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253–54 (1st Cir.1996) (noting that "private actors may align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp of § 1983"). The facts set forth in the complaint are sufficient to support the inference that Donahue was acting jointly with public officials who themselves acted under color of law, and the complaint therefore sufficiently alleges a cause of action.

■ Insofar as Roche's claims against Menino and Donahue are directed toward Menino's failure to reappoint Roche to the Zoning Board (Count IX), they do not state a cause of action. Roche does not suggest that Mayor Menino had any duty to reappoint him to the board. Instead, he suggests that Menino's reconstitution of the Board pursuant to a Home Rule Petition was illegal because Menino sponsored the petition for the sole purpose of removing Roche from office. (Amended Verified Complaint, ¶ 41).

That claim cannot succeed. The City's Home Rule Petition was approved by a vote of the Massachusetts legislature. 1993 Mass. Acts ch. 461. *See generally* Mass. Gen. L. ch. 43B, § 1 *et seq.* The reconstitution of the Board was thus the consequence of an independent legislative judgment. The wrongful acts, or intentions, of the defendants Menino and Donahue could not, therefore, have been

the proximate cause of the elimination of Roche's seat on the Board. Certainly, once the Board had been reconstituted, Roche had no entitlement to reappointment. Count IX fails to state a claim upon which relief can be granted.

*Conclusion*

For the foregoing reasons, the defendant BRA's motion to dismiss is granted as to Counts I, II, III, IV, and V, but denied as to Count VI. Count VIII is dismissed as duplicative of Count VI.

Defendant Menino's motion to dismiss is granted as to Counts I and IX and denied as to Count VII. Defendant Donahue's motion to dismiss is granted as to Count IX and denied as to Count VII.

It is SO ORDERED.

---

2. Roche's "First Amendment" claims against the BRA (Count VI) and against Donahue, Menino and the City of Boston (Count VII) do not explicitly invoke § 1983. But since a free-standing First Amendment cause of action against city

officials does not exist apart from a § 1983 action, the Court assumes the omission to refer to that statute is a drafting error and that the claims set forth in Counts VI and VII are brought under the authority of § 1983.