

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2008

# Showalter v. Brubaker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2950

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Showalter v. Brubaker" (2008). *2008 Decisions.* Paper 1024.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1024

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2950

———

BARBARA SHOWALTER,

Appellant

v.

MICHAEL BRUBAKER, KRISTIN EBERSOLE, KENNETH BRANDT,
NATHAN MYER, ROBERT YARNELL, and DAVID ZIMMERMAN

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 07-cv-0878)
The Honorable Juan R. Sanchez, District Judge

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2008

Before: McKEE and GARTH, *Circuit Judges*, and RODRIGUEZ, *District Judge*[*]

(Filed June 13, 2008)

———

OPINION OF THE COURT

———

_____

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the United States
District Court, District of New Jersey, sitting by designation.

RODRIGUEZ, *District Judge*

Barbara Showalter appeals from the District Court's Memorandum Opinion and Order granting the motions of the appellees to dismiss her 42 U.S.C. § 1983 Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons below, we will affirm the District Court's dismissal.

I.

Because we write solely for the parties, who are familiar with the facts and procedural history of the case, we will set forth only those facts necessary to our analysis.

Appellant Showalter is an animal rights activist who opposes dog breeding facilities in Lancaster County, Pennsylvania. The appellees are various individuals who are involved in dog breeding or its political sphere: Michael Brubaker is a Pennsylvania state senator; Kristin Ebersole is the Executive Director for the Pennsylvania State Senate's Agriculture and Rural Affairs Committee, which is chaired by Brubaker; Kenneth Brandt is a dog breeding lobbyist; and Nathan Meyer, Robert Yarnell, and David Zimmerman are associated with various organizations interested in dog breeding.

On February 26, 2007, Showalter observed a meeting of the appellees in a parking lot outside a convenience store. Ostensibly recognizing some of these individuals, Showalter photographed the meeting from behind a bank of gasoline pumps. One of the appellees apparently saw Showalter doing this, and pointed her out to the others. Brubaker and Ebersole then "rapidly approached" Showalter, who retreated to her parked vehicle. (A19.) The pair caught up with her, and Brubaker allegedly stood behind her car

2

while Ebersole pounded on its windows. Afraid, Showalter attempted to flee, but was prevented from reversing out of her parking space because Brubaker initially refused to move from behind her car. Finally, however, Brubaker relented, and she drove away.

Showalter filed this action and claimed the appellees violated her rights under the First and Fourth Amendments to the United States Constitution. In particular, she asserted that Brubaker and Ebersole's actions constituted unlawful retaliation against her for exercising her First Amendment right to photograph the group's meeting. She also alleged Brubaker and Ebersole violated her Fourth Amendment right to be free from an unreasonable seizure in that they prevented her from immediately driving away. Showalter claimed the other appellees similarly violated her rights because they "concurred" with Brubaker and Ebersole's actions. (A21.) She also brought a variety of state tort claims against the appellees arising out of the incident.

The District Court granted the appellees' motions to dismiss the Complaint for failure to state a claim. It reasoned that Showalter did not sufficiently allege the appellees acted under color of state law, which is essential to a § 1983 claim. It additionally declined to exercise supplemental jurisdiction over Showalter's state tort claims.

II.

We have jurisdiction over appeals from all final decisions of the District Courts pursuant to 28 U.S.C. § 1291. We review a District Court's dismissal under Rule 12(b)(6) *de novo*. Merle v. United States, 351 F.3d 92, 94 (3d Cir. 2003). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

3

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Thus, a defendant's motion to dismiss for failure to state a claim should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

III.

We agree with the District Court's conclusion that Showalter failed to state a viable § 1983 claim. "'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). To satisfy the color of state law requirement, a plaintiff must show that the defendant "used authority derived from the state in causing the alleged harm." Id. (citing Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998)); see West, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'")

4

(quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

State officials may be state actors for purposes of § 1983 liability. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). However, a state employee or officer whose purely private acts were not furthered by any actual or purported state authority will not be found to have acted under color of state law. Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997); Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir. 1994).

In this case, Showalter inadequately alleged action under color of state law. Although Brubaker and Ebersole are state officials, the Complaint provides no facts from which we could reasonably infer that they invoked their state authority or otherwise attempted to exercise the power vested in them by state law. To the contrary, it asserts the pair acted outside the scope of their state employment and that they were "not authorized to restrain or apprehend [Showalter] . . . ." (A20.) Even viewing them in the light most favorable to Showalter, these allegations suggest Brubaker and Ebersole were pursuing their own private motives when they allegedly accosted her.[2]

Showalter argues Brubaker and Ebersole are estopped from contesting this issue

_____

[2]Showalter argues the District Court improperly applied the Rule 12(b)(6) standard by failing to view the allegations in the light most favorable to her. For example, she points to its determination that her own fear, and not Brubaker or Ebersole's state authority, caused her to retreat to her car. She contends this demonstrates its "clear tendency to subjectively interpret and embellish" her allegations. (Apnt's Br. 8.) We disagree. Instead, it shows the District Court, like us, found no allegations from which it could reasonably infer that Brubaker or Ebersole invoked their state authority.

because they claimed the parking lot rendezvous was a legislative meeting entitling them to legislative or sovereign immunity. In other words, she contends the pair cannot simultaneously assert a government immunity and also assert they engaged in only private action. This contention is unpersuasive, however, because litigants are free to make alternative arguments in support of their positions. See FED. R. CIV. P. 8(d)(2). In any event, the fact that Brubaker and Ebersole may have been engaged in a legislative meeting does not automatically convert their alleged wrongs into action under color of state law. See Bonenberger, 132 F.3d at 24 (explaining that an act is not necessarily committed under color of state law simply because it is committed by an on-duty state employee).[3]

The Complaint is similarly deficient with respect to the remaining appellees– Brandt, Meyer, Yarnell, and Zimmerman. These individuals are not alleged to be public officials or employees, nor are they alleged to have any particular connection to Pennsylvania state government apart of their interest in the legislative process. Instead, Showalter asserts they violated her rights when they "concurred that Brubaker and Ebersole should pursue [her] and presumably acquire her camera." (A21-22.)

Under certain circumstances, private parties may be classified as state actors, for § 1983 purposes, if they conspire with state officials to deprive a claimant of her

---

[3]Showalter additionally seems to argue that she has alleged action under color of state law, at least with respect to Brubaker, because she recognized him as a state senator. She cites no authority for this proposition and we do not see how the happenstance of Showalter's knowledge, in itself, suffices to demonstrate that Brubaker invoked his state authority.

constitutional rights.  Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998).  However, this requires a showing that the private party was a willful participant who jointly engaged with a state official in the challenged action.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  Thus, "[a] private action is not converted into one under color of state law merely by some tenuous connection to state action."  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Here, the private appellees' mere alleged concurrence with Brubaker and Ebersole is too tenuous to conclude their conduct was committed under color of state law. Moreover, Showalter's failure to sufficiently allege state action by Brubaker or Ebersole forecloses her ability to make such a showing with respect to the private appellees.

Finally, the District Court acted within its discretion when it declined to exercise its supplemental jurisdiction over Showalter's various state tort claims.  See 28 U.S.C. § 1367(c)(3).

## IV.

For the foregoing reasons, we will affirm the decision of the District Court dismissing the Complaint in this matter.[4]

---

[4]Because we have determined that Showalter did not properly allege action under color of state law, it is unnecessary for us to address Brubaker and Ebersole's additional arguments, namely that they are entitled to immunity and that Showalter has not alleged the deprivation of any constitutionally protected rights.