# DENNIS *v.* SPARKS ET AL., DBA SIDNEY A. SPARKS, TRUSTEE

No. 79–1186.   Argued October 8, 1980—Decided November 17, 1980

WHITE, J., delivered the opinion for a unanimous Court.

*Finley L. Edmonds* argued the cause and filed a brief for petitioner.

*Garland F. Smith* argued the cause and filed a brief for respondents.*

JUSTICE WHITE delivered the opinion of the Court.

In January 1973, a judge of the 229th District Court of Duval County, Tex., enjoined the production of minerals from certain oil leases owned by respondents. In June 1975, the injunction was dissolved by an appellate court as having been illegally issued. Respondents then filed a complaint in the United States District Court purporting to state a cause of action for damages under 42 U. S. C. § 1983.[1] Defendants were the Duval County Ranch Co., Inc., which had obtained the injunction, the sole owner of the corporation, the judge who entered the injunction, and the two individual

---

*Briefs of *amici curiae* urging reversal were filed by *Jim Smith*, Attorney General, and *Gerald B. Curington*, Assistant Attorney General, for the State of Florida; and by *Mark White*, Attorney General, *John W. Fainter, Jr.*, First Assistant Attorney General, *Ted L. Hartley*, Executive Assistant Attorney General, and *Laura S. Martin* and *Lonny F. Zwiener*, Assistant Attorneys General, for the State of Texas.

*Suzanne M. Lynn* filed a brief for the American Civil Liberties Union as *amicus curiae* urging affirmance.

[1] Title 42 U. S. C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

sureties on the injunction bond, one of whom is now petitioner in this Court. Essentially, the claim was that the injunction had been corruptly issued as the result of a conspiracy between the judge and the other defendants, thus causing a deprivation of property, i. e., two years of oil production, without due process of law.

All defendants moved to dismiss, the judge asserting judicial immunity and the other defendants urging dismissal for failure to allege action "under color" of state law, a necessary component of a § 1983 cause of action. The District Court concluded that because the injunction was a judicial act within the jurisdiction of the state court, the judge was immune from liability in a § 1983 suit, whether or not the injunction had issued as the result of a corrupt conspiracy. Relying on *Haldane* v. *Chagnon*, 345 F. 2d 601 (CA9 1965), the District Court also ruled that with the dismissal of the judge the remaining defendants could not be said to have conspired under color of state law within the meaning of § 1983. The action against them was accordingly dismissed "for failure to state a claim upon which relief can be granted."

In a *per curiam* opinion, a panel of the Court of Appeals for the Fifth Circuit affirmed, agreeing that the judge was immune from suit and that because "the remaining defendants, who are all private citizens, did not conspire with any person against whom a valid § 1983 suit can be stated," *Sparks* v. *Duval County Ranch Co.*, 588 F. 2d 124, 126 (1979), existing authorities in the Circuit required dismissal of the claims against these defendants as well.[2] The case was reconsidered en banc, prior Circuit authority was overruled and the District Court judgment was reversed insofar as it had dismissed claims against the defendants other than the judge. *Sparks* v. *Duval County Ranch Co.*, 604 F. 2d

---

[2] *Slavin* v. *Curry*, 574 F. 2d 1256 (1978); *Perez* v. *Borchers*, 567 F. 2d 285 (1978); *Humble* v. *Foreman*, 563 F. 2d 780 (1977); *Hill* v. *McClellan*, 490 F. 2d 859 (1974); *Guedry* v. *Ford*, 431 F. 2d 660 (1970).

976 (1979). The court ruled that there was no good reason in law, logic, or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly. Because the judgment below was inconsistent with the rulings of other Courts of Appeals[3] and involves an important issue, we granted the petition for certiorari. 445 U. S. 942. We now affirm.

Based on the doctrine expressed in *Bradley* v. *Fisher,* 13 Wall. 335 (1872), this Court has consistently adhered to the rule that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Pierson* v. *Ray,* 386 U. S. 547 (1967); *Stump* v. *Sparkman,* 435 U. S. 349 (1978)." *Supreme Court of Virginia* v. *Consumers Union,* 446 U. S. 719, 734–735 (1980). The courts below concluded that the judicial immunity doctrine required dismissal of the § 1983 action against the judge who issued the challenged injunction, and as the case comes to us, the judge has been properly dismissed from the suit on immunity grounds. It does not follow, however, that the action against the private parties accused of conspiring with the judge must also be dismissed.

As the Court of Appeals correctly understood our cases to hold, to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged

---

[3] *Kurz* v. *Michigan,* 548 F. 2d 172 (CA6 1977); *Hazo* v. *Geltz,* 537 F. 2d 747 (CA3 1976); *Hansen* v. *Ahlgrimm,* 520 F. 2d 768 (CA7 1975); *Sykes* v. *California,* 497 F. 2d 197 (CA9 1974). See also *Haldane* v. *Chagnon,* 345 F. 2d 601, 604–605 (CA9 1965); but see *Briley* v. *California,* 564 F. 2d 849, 858, n. 10 (CA9 1977). The Court of Appeals for the First Circuit has for some time held the present views of the Fifth Circuit. *Slotnick* v. *Staviskey,* 560 F. 2d 31 (1977); *Kermit Construction Corp.* v. *Banco Credito y Ahorro Ponceno,* 547 F. 2d 1 (1976). The Court of Appeals for the Eighth Circuit has recently agreed. *White* v. *Bloom,* 621 F. 2d 276 (1980).

with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions. *Adickes* v. *S. H. Kress & Co.*, 398 U. S. 144, 152 (1970); *United States* v. *Price,* 383 U. S. 787, 794 (1966).[4] Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge. But here the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability. Immunity does not change the character of the judge's action or that of his co-conspirators.[5] Indeed, his

---

[4] In this respect, our holding in *Adickes* v. *S. H. Kress & Co.* was as follows:

"The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; *Monroe* v. *Pape,* 365 U. S. 167 (1961); see *United States* v. *Classic,* 313 U. S. 299, 326 (1941); *Screws* v. *United States,* 325 U. S. 91, 107–111 (1945); *Williams* v. *United States,* 341 U. S. 97, 99–100 (1951). Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents,' *United States* v. *Price,* 383 U. S. 787, 794 (1966)." 398 U. S., at 152. (Footnote omitted.)

[5] Title 18 U. S. C. § 242, the criminal analog of § 1983, also contains a color-of-state-law requirement and we have interpreted the color-of-state-law requirement in these sections coextensively. *Adickes* v. *S. H. Kress & Co., supra,* at 152, n. 7. A state judge can be found criminally liable under § 242 although that judge may be immune from damages under § 1983. See *Imbler* v. *Pachtman,* 424 U. S. 409, 429 (1976); *O'Shea* v. *Littleton,* 414 U. S. 488, 503 (1974). In either case, the judge has acted under color of state law.

immunity is dependent on the challenged conduct being an official judicial act within his statutory jurisdiction, broadly construed. *Stump* v. *Sparkman,* 435 U. S. 349, 356 (1978); *Bradley* v. *Fisher, supra,* at 352, 357. Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 as it has been construed in our prior cases. The complaint in this case was not defective for failure to allege that the private defendants were acting under color of state law, and the Court of Appeals was correct in rejecting its prior case authority to the contrary.

Petitioner nevertheless insists that unless he is held to have an immunity derived from that of the judge, the latter's official immunity will be seriously eroded. We are unpersuaded. The immunities of state officials that we have recognized for purposes of § 1983 are the equivalents of those that were recognized at common law, *Owen* v. *City of Independence,* 445 U. S. 622, 637–638 (1980); *Imbler* v. *Pachtman,* 424 U. S. 409, 417 (1976); *Pierson* v. *Ray,* 386 U. S. 547, 554 (1967), and the burden is on the official claiming immunity to demonstrate his entitlement. Cf. *Butz* v. *Economou,* 438 U. S. 478, 506 (1978). Thus, in *Owen* v. *City of Independence, supra,* a municipality's claim that it could assert the immunity of its officers and agents in a § 1983 damages action was rejected since there was no basis for such a right at common law. Here, petitioner has pointed to nothing indicating that, historically, judicial immunity insulated from damages liability those private persons who corruptly conspire with the judge.[6]

In *Gravel* v. *United States,* 408 U. S. 606 (1972), we recognized that the Speech or Debate Clause conferred im-

---

[6] Insofar as the immunity issue is concerned, it is interesting to note that petitioner observes that he would not be immune in the Texas courts, even if the judge is. Brief for Petitioner 28.

munity upon a Senator's aide as well as the Senator, but only in those situations where the conduct of the aide would be a protected legislative act if performed by the Senator himself. *Id.,* at 618. Here, there could be no claim that petitioner or any of the other private parties was actually performing a judicial act or was in any sense an official aide of the judge. Not surprisingly, petitioner does not argue that judges must conspire with private parties in order that judicial duties may be properly accomplished.

It is urged that if petitioner and other private co-conspirators of the judge are to be subject to § 1983 damages actions and if a case such as this is to go to trial, the charge of conspiracy and judicial corruption will necessarily be aired and decided, the consequence being that the judge, though not a party and immune from liability, will be heavily involved, very likely as a witness forced to testify about and defend his judicial conduct. It is true that, based on the Speech or Debate Clause, we have held that Members of Congress need not respond to questions about their legislative acts, *Gravel v. United States, supra,* at 616–617; and, in general, the scope of state legislative immunity for purposes of § 1983 has been patterned after immunity under the Speech or Debate Clause. *Supreme Court of Virginia v. Consumers Union,* 446 U. S., at 732–734. But there is no similar constitutionally based privilege immunizing judges from being required to testify about their judicial conduct in third-party litigation. Nor has any demonstration been made that historically the doctrine of judicial immunity not only protected the judge from liability but also excused him from responding as a witness when his co-conspirators are sued. Even if the judge were excused from testifying, it would not follow that actions against private parties must be dismissed.

Of course, testifying takes time and energy that otherwise might be devoted to judicial duties; and, if cases such as this

survive initial challenge and go to trial, the judge's integrity and that of the judicial process may be at stake in such cases. But judicial immunity was not designed to insulate the judiciary from all aspects of public accountability. Judges are immune from § 1983 damages actions, but they are subject to criminal prosecutions as are other citizens. *O'Shea* v. *Littleton,* 414 U. S. 488, 503 (1974). Neither are we aware of any rule generally exempting a judge from the normal obligation to respond as a witness when he has information material to a criminal or civil proceeding.[7] Cf. *United States* v. *Nixon,* 418 U. S. 683, 705–707 (1974).

Judicial immunity arose because it was in the public interest to have judges who were at liberty to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption. *Pierson* v. *Ray, supra,* at 554; *Bradley* v. *Fisher,* 13 Wall., at 349, 350, n. ‡. In terms of undermining a judge's independence and his judicial performance, the concern that his conduct will be examined in a collateral proceeding against those with whom he allegedly conspired, a proceeding in which he cannot be held liable for damages and which he need not defend, is not of the same order of magnitude as the prospects of being a defendant in a damages action from complaint to verdict with the attendant possibility of being held liable for damages if the factfinder mistakenly upholds the charge of malice or of a corrupt conspiracy with others. These concerns are not insubstantial, either for the judge or for the public, but we agree with the Court of Appeals that the potential harm to the public from denying immunity to private co-conspirators

---

[7] Whether the federal courts should be especially alert to avoid undue interference with the state judicial system flowing from demands upon state judges to appear as witnesses need not be addressed at this time.

is outweighed by the benefits of providing a remedy against those private persons who participate in subverting the judicial process and in so doing inflict injury on other persons.

The judgment of the Court of Appeals is

*Affirmed.*