866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles M. ANDERSON, Plaintiff-Appellant,
v.
Thomas J. MIDDLETON; Henry C. Mackall; Mackall, Mackall,
Walker & Silver; Donald L. Bowman; Donald L. Bowman, Law
Office; Eugene Vannoy; American Paving & Construction
Company; Eleanor Orndorff; Joy R. Dawson; Platt & Dawson;
Lewis Griffith; Thomas Fortkort; Albert Bryan, Honorable;
Rhetta M. Daniel; Harry N. Hirsch; Reno S. Harp, III;
Theresa Whitmore; Rebekah Johnson, Defendants-Appellees.
 No. 88-2073.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1988.
Decided: Jan. 31, 1989.
Rehearing Denied Feb. 24, 1989.
 
 Charles M. Anderson, appellant pro se.
 David D. Hudgins, Douglas Coleman (Cunningham & Hudgins); Peter R. Messitt; Donald Lewis Bowman; Glenn Hugh Silver (Rust, Rust & Silver), for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles M. Anderson brought this 42 U.S.C. Sec. 1983 action against numerous defendants, including several state and federal court judges, court reporters, attorneys, and law firms. He alleged that all of these defendants conspired against him to deprive him of a fair trial in conjunction with a state court mechanics lien proceeding. The district court dismissed the case and we affirm.
 
 
 2
 Anderson's appeal is disposed of on the reasoning given on appeal of a similar conspiracy case brought by Anderson in which he named many of the same defendants:
 
 
 3
 The federal and state judges are immune from liability in damages. See Stump v. Sparkman, 435 U.S. 349 (1978). Moreover, the lower federal courts are without jurisdiction to review the decisions of state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). See also Ganey v. Barefoot, 749 F.2d 1124, 1127 (4th Cir.1984), cert. denied, 472 U.S. 1014 (1985). In his claim against the federal judge, Anderson challenges the dismissal of one of his prior federal actions. As the proper vehicle for Anderson to object to this dismissal is through appeal, which in fact he has done, he has failed to state a claim for which he is entitled to relief. The action was also properly dismissed against the remaining defendants as they are not state actors and Anderson has failed to establish that they conspired with a state official. See generally Tower v. Glover, 467 U.S. 914 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).
 
 
 4
 Anderson v. Sickels, No. 87-2172(L), slip op. at 3 (4th Cir. Sept. 20, 1988) (unpublished). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.