974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Martha S. ADKINS, Plaintiff-Appellant,
v.
Frederick E. ADKINS, et al., Defendants-Appellees.
 No. 91-3454.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 3, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 This matrimonial dispute comes here on the theory that 42 U.S.C. § 1983 permits federal judges to redress "conspiracies" that occur during the course of litigation in state cases. The district court's opinion, which we attach, narrates the facts. We agree with the district judge's reasoning and add that Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987), and Owens-Corning Fiberglas Corp. v. Moran, 959 F.2d 634 (7th Cir.1992), also support the judgment. Plaintiff must seek her relief by appealing to a higher state court rather then commencing federal litigation.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 NEW ALBANY DIVISION
 
 3
 Martha Sue Adkins, Plaintiff,
 
 
 4
 v
 
 
 5
 Frederick E. Adkins, Dennis R. Tackett and the Law Firm of
 
 
 6
 Tackett, Taurman & Sonne, P.C., Ralph E. Randall and the Law
 
 
 7
 Firm of Hays & Randall, James D. Kleopfer, Judge, and the
 
 
 8
 State of Indiana, Ted R. Todd, Judge, and the State of
 
 
 9
 Indiana, S. Frank Mattox, Richard Mattox, J. Anthony Goebel,
 
 
 10
 and the Law Firm of Wyatt, Tarrant & Combs, Robert D.
 
 
 11
 Hamilton, and the Law Firm of Hamilton & Warth, All in their
 
 
 12
 personal and business capacities, Defendants.
 
 
 13
 Cause No. NA 91-69-C.
 
 
 14
 Aug. 9, 1991.
 
 ENTRY
 
 15
 This matter comes before the court on the following motions: 1) the plaintiff's "Motion for Reconsideration for Ex-Parte Request for Temporary Restraining Order with Supporting Affidavit Showing Cause for Non-Dismissal and Jurisdiction Ordered by Court May 24, 1991"; 2) the motion of defendant Judges Kleopfer and Todd to dismiss; 3) the motion of defendants Wyatt, Tarrant & Combs, Richard L. Mattox and J. Anthony Goebel to dismiss (Wyatt Motion); 4) defendant S. Frank Mattox's motion to dismiss; 5) defendant S. Frank Mattox's motion to adopt and incorporate by reference, in support of the S.F. Motion, the brief filed in support of the Wyatt Motion; 6) the plaintiff's motion for an extension of time for discovery; and 7) the plaintiff's Motion to Transfer State Case. For the reasons set forth below, the Court grants the Wyatt Motion to dismiss the plaintiff's due process claim and finds that this Court lacks any other basis for subject matter jurisdiction over this cause.
 
 Background
 
 16
 The plaintiff, Martha Sue Adkins, brings this suit, pro se, against her former husband, two Indiana judges, six Indiana attorneys, three Indiana law firms, and the State of Indiana. Ms. Adkins alleges that the defendants conspired to wrong her in various ways.
 
 
 17
 Her most oft-recurring and vehement allegation, and the only one that could even remotely provide a basis for federal jurisdiction, is that the defendants colluded to persuade the Scott Circuit Court to make an unfair division of property in the aftermath of its dissolution of the Adkins marriage. Specifically, Ms. Adkins claims that Mr. Adkins, Dennis Tackett (her husband's attorney in the divorce proceeding), and her own attorney in that proceeding, Ralph Randall, bribed Judge Kleopfer to order a property division unfavorable to Ms. Adkins.
 
 
 18
 Ted R. Todd, Special Judge of Scott Circuit Court, is named as a defendant because he had the plaintiff put in jail for violating certain court orders arising out of the divorce proceeding. Ms. Adkins claims that various of the defendants bribed Judge Todd to incarcerate and generally harrass her.
 
 
 19
 The alleged connection of the other defendants to this conspiracy is as follows. According to Ms. Adkins, she was duped into foregoing her right to join her husband in a civil suit he had brought as plaintiff. That suit was a bad faith action by Mr. Adkins against his insurance company, which he claimed had refused in bad faith to pay a judgment against him for certain actions of his in connection with a bail bond business that he and his wife operated. Mr. Adkins and the insurance company eventually settled the claim. Ms. Adkins alleges that in dissuading her from joining the bad faith suit, her husband's attorneys in that case (S. Frank Mattox, Richard L. Mattox, and J. Anthony Goebel) sought to prevent her from receiving any portion of the insurance company's settlement upon dissolution of her marriage and to obtain the funds with which to bribe Judges Kleopfer and Todd. Defendant Robert D. Hamilton, Ms. Adkins's attorney for part of the divorce proceedings, allegedly joined the conspiracy by taking a bribe from some of the other defendants and leaving Ms. Adkins's interests unprotected.
 
 
 20
 Ms. Adkins seeks twenty million dollars in damages and a "writ of prohibition," or temporary restraining order, to prevent the enforcement of certain orders entered by the Scott Circuit Court in connection with the divorce proceeding. Judge Sarah Evans Barker, the district court judge to whom the present case was originally assigned, denied Ms. Adkins's petition for a temporary restraining order on May 24, 1991. In that entry, Judge Barker also noted that it appeared from the materials then before her that the federal district court lacked jurisdiction over the present dispute. Having explained her reasons for questioning jurisdiction, Judge Barker then ordered the plaintiff to show cause why the action should not be dismissed for lack of jurisdiction. Judge Barker subsequently recused from the case, which was reassigned to this Court.
 
 Discussion
 
 21
 The Court begins by addressing the Wyatt Motion, which seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This motion incorporates many of Judge Barker's reasons for questioning the underpinnings of the only federal question claim that Ms. Adkins appears to raise: a due process claim brought under 42 U.S.C. § 1983.
 
 
 22
 Judge Barker's reasoning is still valid, despite Ms. Adkins's submission of additional materials in response to Judge Barker's show cause order. The only supplement to the complaint contained in those materials that is relevant to Ms. Adkins's due process claim is her allegation that the result in the dissolution of marriage proceeding and in subsequent enforcement proceedings was tainted by the presiding judges' acceptance of bribes. Such allegations can in some circumstances state a claim under Section 1983 for deprivation of the plaintiff's due process rights, at least against the private parties allegedly involved in the conspiracy. See Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). There is no deprivation of property, however, when the plaintiff's claims are pending in ongoing state proceedings. Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554, 560 (7th Cir.1986).
 
 
 23
 Thus, in this case, in which Ms. Adkins's appeal from Judge Kleopfer's decision is pending in state court, the state has not "deprived" her of anything, because it has not refused with finality to right the alleged wrongs committed by Judge Kleopfer, Judge Todd and their alleged co-conspirators. Ms. Adkins, having given this Court no reason to doubt that she will be able to obtain a remedy in the Indiana appellate courts for any irregularites that may already have occurred in the Scott Circuit Court, must seek vindication for all her claims, both state and federal, in the Indiana courts.
 
 
 24
 This Court finds that for these and the other reasons stated in Judge Barker's May 24, 1991, order Ms. Adkins has failed to state a due process claim upon which this Court can grant relief. Accordingly, the Court grants the Wyatt Motion and dismisses the due process claim. Furthermore, because this Court is not aware of any other federal claims that might form a basis of federal question jurisdiction, and because, as Judge Barker pointed out, there is an absence of diversity jurisdiction over any potential state-law causes of action, the Court finds that it lacks jurisdiction over all other aspects of this action. Having thus disposed of this cause, the Court has no occasion to resolve any of the other pending motions.
 
 
 
 --------------S. Hugh Dillin, Judge
 Copies to:
 Martha Sue Adkins, 832 Fulton St., Jeffersonville, IN 47130
 Irwin H. Sonne, III, Tackett, Taurman & Sonne, 201 W. Main St., P.O. Box 95, New Albany, IN 47150-0095
 Jeffrey L. Hansford, Boehl, Stopher, Graves & Deindoerfer, 204 Pearl St., Suite 302, New Albany, IN 47150
 David Michael Wallman, Deputy Attorney General, 219 State House, Indianapolis, IN 46204-2794
 Richard A. Bierly, Wyatt, Tarrant, Combs & Orbison, 117 E. Spring St., P.O. Box, 649, New Albany, IN 47151-0649
 
 
 S
 Frank Mattox, Mattox & Mattox, 420 Elsby Bldg., P.O. Box 1203, New Albany, IN 47151-1203
 Robert D. Hamilton, 509 W. Market St., New Albany, IN 47150
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record