48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred Dewitt MUNN, also known as Fred Rowdy Munn, Plaintiff-Appellant,
v.
Bobby BOONE, Warden, Mack Alford Correctional Center; Gary
Gibson, Unit Manager; Bart Mclin, Case Manager, Unit 5,
LCC; Sherrie Vincent, Correctional Counselor, Unit 5, LCC;
Jeff Pounds, Correctional Counselor, Unit 5, LCC; Charles
Dabney, Correctional Officer, Unit 5, LCC; Marsha Haines,
Nurse, IMHUJHCC; Dr. Jody Sting, IMHU-JHCC, Defendants-Appellees.
 No. 94-7087.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1995.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing defendant The Honorable Preston Trimble, District Judge of Garvin County District Court in the Eastern District of Oklahoma, on the basis of judicial immunity and, further, that the statute of limitations had run on the alleged violations of plaintiff's civil rights. Plaintiff further appeals the dismissal without prejudice of all other claims in his pro se petition on the grounds that plaintiff failed to respond to defendants' dispositive motion.
 
 
 3
 Plaintiff filed this action alleging violations of his constitutional rights to due process by failure of the state district court to appoint counsel for direct appeal in an action alleging various deprivations of personal property and rights to meaningful access to the courts. Plaintiff appeals on the grounds that the district court in this case improperly applied the statute of limitations and judicial immunity, and that the district court erred in dismissing other claims related to issues of access to the courts and to deprivation of personal property. We affirm.
 
 
 4
 The district court dismissed Judge Trimble as a defendant because of all of the allegations in the pro se complaint related to Judge Trimble's judicial acts during plaintiff's criminal conviction and related appellate proceedings. Clearly the district court did not err in finding that Judge Trimble was entitled to absolute judicial immunity for his actions in this case. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 1831, 66 L.Ed.2d 185 (1980). Further, the allegations in the complaint against Judge Trimble involving the criminal conviction and post-conviction relief were barred by the Oklahoma statute of limitations. With respect to allegations against other defendants, the district court dismissed the complaint without prejudice. Plaintiff failed to respond to defendants' motion to dismiss or alternatively motion for summary judgment. Local Rule 14(a) of the United States District Court for the Eastern District of Oklahoma requires a party to file a brief in opposition to such a dispositive motion within ten days after the filing of the motion. Plaintiff failed to file this responsive pleading. The district court did not abuse its discretion in dismissing without prejudice the complaint. The order of the district court is
 
 
 5
 AFFIRMED.
 
 
 6
 We GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM the dismissal by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470