Richard A. CANATELLA,
Plaintiff–Appellant,

v.

John K. VAN DE KAMP; Marie M. Moffat; Jay Goldman; Nancy McCarthy; California Bar Journal; Robert Hawley; Zanassi; Martha Daetwyler, Defendants–Appellees.

No. 06–15186.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed May 3, 2007.

Ronald M. Toran, Esq., Richard A. Canatella, Cotter & Del Carlo, San Francisco, CA, for Plaintiff–Appellant.

Randy Erlewine, Phillips Erlewine & Given, Claudia Castillo, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE and BYBEE, Circuit Judges, and PREGERSON,* District Judge.

MEMORANDUM **

Appellant Richard Canatella ("Appellant") appeals the district court's dismissal of his 42 U.S.C. § 1983 suit against several officers of the State Bar of California and Martha Daetwyler pursuant to Federal Rule of Civil Procedure 12(b). We deal with Appellant's appeal of the dismissal of his claims against the State Bar officers in a published opinion, and the facts and procedural history are set forth there. *See Canatella v. Van De Kamp*, 486 F.3d 1128 (9th Cir.2007). Here, we deal with Appellant's claims against Appellee Daetwyler. We review the district court's dismissal of Appellant's claims de novo. *See Orr v. Bank of Am.*, 285 F.3d 764, 772 (9th Cir. 2002).

Appellant § 1983 claims against Appellee Daetwyler fail because he has failed to raise any factual allegations indicating that Appellee Daetwyler acted under color of state law by "jointly engag[ing] with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *see also Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir.2000) (holding that "in order to prevail under § 1983, a plaintiff must show (1) that Defendants deprived [him or] her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, Defendants acted under color of state law" (internal quotation marks omitted)); *id.* at 575 (holding that for a private defendant's conduct to constitute state action, "the 'State [must be] so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise' ") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357–58, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). Furthermore, Appellant's state law tort claims against Appellee Daetwyler are barred by CAL. CIV.CODE § 47(b) because the statement Appellant bases his claims on: "(1) [was] made in judicial or quasi-judicial proceedings; (2) by litigants or other partici-

---

* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

pants authorized by law; (3) to achieve the objects of the litigation; and (4)[had] some connection or logical relation to the action." *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (Cal. 1990).

Accordingly, the district court's order dismissing Appellant's claims against Appellee Daetwyler is **AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.