**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KULEANA, LLC, a Washington limited
liability company; HAROLD E.
JOHNSON, a single man,

Plaintiffs - Appellants,

v.

DIVERSIFIED WOOD RECYCLING,
INC., a Washington corporation,

Defendant - Appellee.

No. 09-35811

D.C. No. 2:09-cv-00114-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, United States District Judge, Presiding

Submitted June 8, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in dismissing Kuleana's complaint for failure to state a claim. Kuleana failed to show that Diversified's use of the court system to foreclose a lien constituted state action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint did not allege that the state statute or the state court procedures were unconstitutional or violated Kuleana's rights. *See Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620–21 (1991); *Tulsa Prof'l Collection Sers. v. Pope*, 485 U.S. 478, 491 (1988). Nor are Diversified's actions fairly attributable to the state, because there was no joint action between Diversified and the state court. *See Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). The complaint did not allege conspiracy or concerted action. *See Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983). The allegation that a private party misused state procedures outlined in a state statute is not enough to establish state action, "even though the procedures themselves required the involvement of the county clerk" or other state official. *Id.* at 384 n.9. And, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Because Kuleana failed to establish state action, the complaint failed to allege a violation of the Fourteenth Amendment and also failed to satisfy the under-color-of-law requirement of § 1983. *See Collins*, 878 F.2d at 1148.

Diversified's request for attorneys' fees is denied because Kuleana's claims are not "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983).

**AFFIRMED**.