UNITED STATES of America,
Plaintiff,

v.

Geffrey TORRES–SOBRADO,
et al., Defendants.

Criminal No. 09–228 (FAB).

United States District Court,
D. Puerto Rico.

Aug. 20, 2010.

Antonio R. Bazan–Gonzalez, Jose A. Contreras, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Hector A. Deliz, Deliz & Torres Gonzalez Law Office, Francisco Acevedo–Padilla,

Acevedo Law Office, San Juan, PR, Juan F. Matos–de–Juan, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On October 8, 2009, a grand jury returned an eight-count superceding indictment against twelve defendants. The indictment charges the defendants with impersonating law enforcement agents during the commission of a carjacking and a related conspiracy to stage traffic stops in order to procure illegal drugs for resale and profit.

Defendant Erik Diaz–Colon, joined by defendant Jose Vizcarrondo–Casanova ("defendants"), moves this Court to dismiss Count Six of the superceding indictment on the grounds that Count Six is "legally insufficient." (Docket Nos. 408, 410.) The United States opposes the motion. (Docket No. 418.) For the following reasons, the Court **DENIES** the motion to dismiss Count Six. (Docket No. 408.)

## DISCUSSION

Count Six of the superceding indictment charges several of the defendants, including Diaz and Vizcarrondo, with aiding and abetting each other wilfully to deprive decedent Elis Manuel Andrades–Telleria ("decedent" or "Andrades") of his constitutional rights while acting under color of state law, in violation of Title 18, *United States Code*, Sections 242 ("Section 242") and 2. The government charges the defendants with depriving the decedent of his rights pursuant to the Fourth Amendment to be secure from unreasonable searches, seizures of property, and excessive forces. Specifically, the government argues that the defendants not only stopped Andrades without probable cause and stole property from him, which would itself constitute a violation of Andrades's Fourth Amendment rights, but also that the traffic stop was part of a scheme in which the defendants pretended to be law enforcement officers, pretended to conduct a valid traffic stop, and then, under those pretenses, proceeded to search Andrades and take his property—controlled substances—with the intention of distributing and profiting from the stolen property.

■ When considering whether to dismiss a count of an indictment, a court looks at whether the allegations in the indictment are sufficient to inform a jury as to the charged offense. *See United States v. Sampson*, 371 U.S. 75, 76, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962); *United States v. Barker Steel Co., Inc.*, 985 F.2d 1123, 1125 (1st Cir.1993). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. U.S.*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (internal citations omitted). A court "read[s] an information as a whole" and "construe[s] the allegations in a practical sense, with all necessary implications." *Barker*, 985 F.2d at 1125 (internal citations omitted).

■ The defendants argue, vaguely, that Count Six is "legally insufficient." (Docket No. 408 at 2.) Although they cite no standards linked to that phrase, it appears that when the defendants say Count Six is "legally insufficient", they mean either that the count fails to state an actionable offense or that the count fails to state properly the elements of the offense charged. As shown below, the grounds upon which defendants base their motion for dismissal don't hold water.

First, defendants argue that the property allegedly stolen from Andrades is not identified in the contested count, but that a review of Count Five suggests that the stolen property was fourteen grams of cocaine and that, because cocaine is not constitutionally protected, there is no basis for a civil rights claim for unlawful seizure of property. Second the defendants claim that the traffic stop in which Andrades was involved was "legally sufficient" because there was probable cause for intervention. Finally, defendants argue that, even if the defendants seized property unlawfully from Andrades, the seizure did not involve state action and the defendants did not act under color of state law because they were not law enforcement agents.

■ These arguments appear intentionally to misunderstand the nature of the charge against the defendants in Count Six. Count Six charges the defendants with violating a well known statute, section 242, which is the criminal counterpart to 42 United States Code Section 1983 ("section 1983"). Both statutes were created to "vindicate federal rights and give governmental officials concrete reasons for respecting those rights." *U.S. v. Villarin Gerena*, 553 F.2d 723, 725 (1st Cir.1977). The government presents the chilling scenario of individuals presenting themselves as law enforcement agents in order to create fake traffic stops, conduct fake detentions, and engage in fake searches and seizures in order to procure illegal drugs for their own profit. The violation of constitutional rights alleged by the government pursuant to section 242 therefore centers on the wilful misuse of state power to procure property—illegal drugs—from unsuspecting victims.

The arguments made by the defendants, first, that no property was unlawfully seized because the property in question consisted only of illegal substances and, second, that the defendants had probable cause to conduct the fateful traffic stop and therefore, presumably, that the resulting search and seizure were lawfully conducted is, quite simply, nonsense. Even if the property taken from the victim is property that is not constitutionally protected, and even if the movants were accompanied during the traffic stop by a "real" member of the Puerto Rico Police Department acting on a tip from a reliable source, the defendants' stop, detention, and search of Andrades were illegal according to the allegations in Count Six. Defendants are charged with staging a false traffic stop, motivated not by any attempt on the part of real law enforcement officers to enforce real laws, but motivated by a goal to procure drugs for resale and profit. For the defendants to argue that they had probable cause for the actions they are charged with, despite the fact that they are charged with *staging* that stop, despite the fact that neither is a real law enforcement official, despite the fact that they allegedly *dressed up* as law enforcement officials, is stunningly irrational and baseless. The Court rejects these arguments outright.

As to the defendants argument that they did not act under color of state law because they are private citizens and because there was only one state actor involved in the indictment alleged, the case law is clear. The Supreme Court has held that to act under color of state law "does not require that the defendant be an officer of the State," and that "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting [sic] 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Courts have also ruled that "[t]he color of law element may be satisfied by the fact that an official gains access to the victim in the course of official duty" as is the case

here. *U.S. v. Giordano*, 442 F.3d 30, 43 (2nd Cir.2006); *See U.S. v. Walsh*, 194 F.3d 37, 51 (2d Cir.1999) ("The relevant question ... is not whether the actual abuse was part of the official's duties but, rather, whether the abuse was 'made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *U.S. v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). In *United States v. McClean*, 528 F.2d 1250 (2d Cir.1976), the Second Circuit Court of Appeals held that police officers acted under color of law when they stole proceeds of drug sales from the suspects in their investigations in violation of section 242.

The United States accused the defendants of aiding and abetting others to violate Andrades's right to be free from unreasonable searches and seizures by submitting him to a staged traffic stop in which, literally, they *wore* the colors of the state. As the Supreme Court once stated, "[i]t is clear that under 'color' of law means under 'pretense' of law" and, thus, "[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." There is no doubt that Count Six notifies the defendants adequately of the allegations against them pursuant to section 242 and states adequately the elements of that charge. The motion to dismiss Count Six of the superceding indictment is **DENIED.**

### CONCLUSION

For the reasons discussed above, defendants' motion for dismissal of Count Six is **DENIED.**

**IT IS SO ORDERED.**