21-2326
*Fischman v. Murphy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
>
> > *Circuit Judges*.

---

NINA FISCHMAN,

> *Plaintiff-Appellant*,

v.                                                                No. 21-2326

JEROME C. MURPHY, in his official and individual capacities, SHALOM S. MAIDENBAUM, JONATHAN A. STEIN, ELLIOT BLUMENTHAL, ERIC W. BERRY, MICHAEL A. SCHIFF, in his official capacity,

> *Defendants-Appellees*.*

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:            Nina Fischman, pro se, Woodmere, NY.

For Defendant-Appellee          Barbara D. Underwood, Solicitor
Jerome C. Murphy:                General; Anisha S. Dasgupta, Deputy
                                       Solicitor General; David Lawrence III,
                                       Assistant Solicitor General, *for* Letitia
                                       James, Attorney General, State of New
                                       York, New York, NY.

For Defendants-Appellees       Jonathan A. Stein, Jonathan A. Stein,
Shalom S. Maidenbaum,         P.C., Cedarhurst, NY.
Jonathan A. Stein, Elliot Blumenthal,
and Eric W. Berry:

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Nina Fischman appeals from a judgment of the district court dismissing her action – brought the very day she was scheduled to appear for a contempt hearing in New York state court – for declaratory relief and monetary damages under 42 U.S.C. § 1983. According to her complaint, Defendant Shalom S. Maidenbaum obtained money judgments against Fischman's husband in multiple New York state court proceedings. Fischman alleged that Defendant

Jerome C. Murphy – a New York Supreme Court Justice who presided over one of the proceedings – then conspired with Maidenbaum and others (collectively, the "Private Defendants") to wrongly attach Fischman's assets to satisfy the judgments against her husband.[1] Fischman sought a declaratory judgment against Justice Murphy and the Private Defendants for violating her rights to due process and equal protection; she also sought monetary damages and attorney's fees against the Private Defendants. After being served with the federal complaint – approximately fifteen minutes before the contempt hearing was scheduled to begin – Justice Murphy promptly recused himself from the state proceeding. The district court thereafter dismissed Fischman's action sua sponte, finding that her claims against Justice Murphy were moot and that she failed to plausibly state a section 1983 claim against the Private Defendants. This appeal ensued.

We review the district court's dismissal of a complaint de novo. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1076 (2d Cir. 2021). In doing so, we may affirm the district court's judgment "on any ground with support in the

---

[1] Fischman failed to address her claims against Defendant Michael A. Schiff on appeal. She has therefore forfeited her challenge to the district court's dismissal of those claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

record," *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014), "including grounds upon which the district court did not rely," *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The district court found that Fischman's claims against Justice Murphy were moot because Justice Murphy "ha[d] recused himself from the underlying action at issue." App'x at 5. Fischman contends that this finding is erroneous, since a public official's successor "is automatically substituted as a party" when the official is sued in his official capacity. Fischman's Br. at 18 (quoting Fed. R. Civ. P. 25(d)). But even if it could be argued that the district court had jurisdiction to entertain Fischman's claims against Justice Murphy, dismissal of those claims was still appropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). According to that doctrine, a federal court should abstain from exercising jurisdiction when the case "implicate[s] a [s]tate's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). This need for abstention is particularly acute when a "[s]tate's contempt process is involved," *Juidice v. Vail*, 430 U.S. 327, 335 (1977), because the contempt process – through which a state court ensures "that its orders and judgments are not rendered nugatory," *id.* at 336 n.12 – "lies at the core of the

4

administration of [the] [s]tate's judicial system," *id.* at 335; *see also Cavanaugh v. Geballe*, 28 F.4th 428, 433–44 (2d Cir. 2022).

Here, Fischman commenced this federal action *the same day* she was to appear for a contempt hearing in New York state court. That hearing arose from Fischman's repeated failures to comply with state-court orders directing her to produce documents and appear for depositions related to her husband's assets. Because the exercise of federal jurisdiction under these circumstances would impede "the state courts' ability to perform their judicial functions," *Cavanaugh*, 28 F.4th at 432, and because an adequate opportunity for judicial review – including for any claims of constitutional violations – is available in the state system, *see Hansel v. Town Ct.*, 56 F.3d 391, 393–94 (2d Cir. 1995), we conclude that dismissal of Fischman's claims against Justice Murphy is appropriate under *Younger*.

As to the Private Defendants, the district court dismissed Fischman's claims because she "d[id] not challenge the constitutionality" of any state statute. App'x at 6. But whether or not Fischman challenged the constitutionality of a state statute – she insists that she has – her claims against the Private Defendants fail because she has not plausibly alleged that those individuals were state actors,

5

as required to assert a section 1983 claim. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150–52 (1970). To be sure, "a private party's joint participation with state officials in the seizure of disputed property *is sufficient* to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (emphasis added); *see also Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting . . . under color of law for purposes of [section] 1983 actions." (internal quotation marks omitted)). But Fischman has not alleged particularized facts to support such an inference here. Instead, Fischman's complaint is riddled with "conclusory, speculative, and implausible" allegations of ex parte meetings in which Justice Murphy purportedly directed the Private Defendants to encumber Fischman's assets. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). For instance, she baldly asserts that "[Justice] Murphy ha[d] irregular ex parte meetings directing the [Private Defendants] . . . to entangle [her assets] with the purported judgments," App'x at 13; and that "[Justice] Murphy also directed [the Private Defendants] [to] influence[] CapitalOne Bank and JP Morgan Chase [B]ank to expel [Fischman] as a customer by defaming [her] as a racketeer," *id.* at 15. These conclusory and "barebones claim[s] of a conspiracy"

6

involving Justice Murphy, "unaccompanied by any factual allegation," are plainly insufficient to support Fischman's conspiracy claims against the Private Defendants under section 1983. *Butcher*, 975 F.3d at 241. We therefore affirm the district court's dismissal of Fischman's complaint against the Private Defendants because Fischman failed to plead that the Private Defendants acted jointly with a state official to deprive her constitutional rights.

We have considered Fischman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
