**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3318
_____

ANTHONY M. RUFO,
individually and as a sole member of 325 S. 18th St., LLC;
325 S. 18TH STREET, LLC,

Appellants

v.

JUDGE IDEE C. FOX; JUDGE POWELL J. KENNETH, JR.;
ORPHANIDES & TONER LLP; PAUL J. TONER, Esquire;
DAVID CHAMPAGNE, Individually and as President of Philadelphia Community
Development Coalition, Inc.;
PHILADELPHIA COMMUNITY DEVELOPMENT, Coalition, Inc.;
JOSH SHAPIRO, Attorney General of Pennsylvania
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-02861)
District Judge: Honorable Gerald J. Pappert
_____

Submitted on September 16, 2022

(Filed: November 3, 2022)

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*.
_____

O P I N I O N[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellants 325 S. 18th Street, LLC and its sole member, Anthony M. Rufo, appeal the District Court's order granting Appellees' motions to dismiss. Because we agree with the District Court's reasoning, we will affirm.

I.

This case concerns Pennsylvania's Abandoned and Blighted Conservatorship Act ("Act 135"), which provides for court-appointed conservators to bring blighted properties into municipal code compliance, and its application to the property at 325 S. 18th Street in Philadelphia ("property"). 68 Pa. Stat. and Cons. Stat. §§ 1101–1111 (West 2022).

As we write for the parties who are well-acquainted with the facts of this case, we set forth the following background only as necessary to resolve this appeal. In June 2016, Appellee, Philadelphia Community Development Coalition ("PCDC") and two neighboring property owners petitioned the Philadelphia Court of Common Pleas to place the property into a conservatorship due to its blighted condition. Teresa F. Isabella owned the property at that time. Appellant Rufo purchased the property from Isabella on April 28, 2017. Soon after, the Philadelphia Court of Common Pleas appointed PCDC as the property's conservator. Appellants then instituted numerous unsuccessful challenges to terminate the conservatorship. PCDC has since worked to remediate the property. It implemented an Act 135 "Final Plan" detailing how it would restore the property to comply with applicable municipal code requirements. Judge Powell of the Philadelphia Court of Common Pleas approved that "Final Plan" by order dated September 24, 2018.

2

Later, Judge Powell entered two subsequent orders. The first order authorized PCDC to list the property for sale at $1.4 million. The second granted PCDC's motion for an appeal bond and required 325 S. 18th Street, LLC to post a bond of around that same amount if it attempted to delay the property's sale through further appeals. Appellants appealed those orders, again to no avail. In an order quashing Appellants' appeal, the Commonwealth Court of Pennsylvania made clear that Judge Powell's orders neither "dispos[ed] of all claims and all parties" nor were "entered as final orders by the trial court." App. at 6 (quoting *Walsh v. Isabella* (Pa. Commw. Ct. No. 336 CD 2021) (Oct. 1, 2021 Docket Entry))).

Dissatisfied with the results of their state court cases, Appellants filed suit in the District Court on June 28, 2021. They named Judge Powell, the presiding judge over the state court proceedings, and Judge Fox, the President Judge of the Philadelphia Court of Common Pleas, as defendants along with PCDC, its corporate officer David Champagne, its lawyer Paul J. Toner, and the law firm of Orphanides & Toner.[1] The gravamen of the complaint is that these actors, among others, are involved in a conspiracy described as "an unconscionable enterprise [that] enables PCDC, and other court appointed Act 135 conservators, to . . . take private property without due process of law and without just compensation." App. at 39 ¶ 51. Appellants advanced civil rights claims against all Appellees under 42 U.S.C. § 1983 and state tort claims for fraud, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")

---

[1] Appellants also named acting Pennsylvania Attorney General, Josh Shapiro, as a defendant, but the District Court dismissed the allegations against him in a prior order.

3

against PCDC, Champagne, Toner, and Orphanides & Toner. Specifically, they sought (1) injunctive relief in the form of "an order that Act 135 is unconstitutional on its face as an excessive delegation of authority"; (2) declaratory relief in the form of a finding that "as a matter of law, the state court's subject matter jurisdiction is fatally deficient"; and (3) to pierce PCDC's corporate veil. App. at 29–30 ¶ 1. Appellees Fox and Powell, as well as PCDC, Champagne, Toner, and Orphanides & Toner, each moved to dismiss the complaint.

The District Court granted the motions, abstaining from exercising jurisdiction under the *Younger* abstention doctrine. Alternatively, the District Court decided the motions on the following independent grounds: Judges Fox and Powell's immunity from suit and Appellants' failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). This timely appeal followed.

## II. [2]

Appellants appeal each ground on which the District Court based its decision to grant Appellees' motions to dismiss. They urge that the District Court erred by (1) applying the *Younger* abstention doctrine; (2) concluding that Judges Powell and Fox are immune from suit in this case; (3) concluding that the remaining Appellees are not state actors under 42 U.S.C. § 1983; and (4) overlooking the underlying merits of the Complaint. We see no error in the District Court's decisions, however, and therefore, we will affirm.

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). We have jurisdiction under 28 U.S.C. § 1291.

4

A. *Younger* Abstention Doctrine[3]

Appellants argue that the District Court erred by invoking the *Younger* abstention doctrine. Appellees respond that Appellants failed, via their inadequate briefing, to preserve the issue for appeal. We agree with the Appellees.

This Court has held that to avoid waiver of an issue on appeal, consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, "all arguments must be supported specifically by the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) (internal quotation marks omitted) (citing Fed. R. App. P. 28(a)(8)(A)); *see also Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 821 n.10 (3d. Cir. 2006) (citations omitted) ("[P]assing and conclusory statements do not preserve an issue for appeal."). As Appellees point out, Appellants cite no case law to support their argument that the District Court applied the *Younger* abstention doctrine improperly.

And even if Appellants did not waive the issue, we nevertheless agree with the District Court's application of the *Younger* abstention doctrine. Seeking to promote "a proper respect for state functions," *Younger* allows a federal court to abstain from exercising jurisdiction where otherwise appropriate, if two requirements are met. *PDX North, Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882–84 (3d

---

[3] We "exercise plenary review over a trial court's . . . determination of whether *Younger* abstention is proper." *Hamilton v. Bromley*, 862 F.3d 329, 333 (3d Cir. 2017) (citation omitted).

5

Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)). First, the court must determine that the plaintiff's claims would interfere with one of the following types of state proceedings: (1) criminal prosecutions; (2) civil enforcement proceedings; or (3) "civil proceedings involving orders in furtherance of the state courts' judicial function." *Id.* at 882 (citation omitted). Second, the court must consider whether the following factors ("*Middlesex* factors") support abstention: (1) there are "ongoing judicial proceeding[s]"; (2) those "proceedings implicate important state interests"; and (3) the party against whom abstention is asserted has "an adequate opportunity in the state proceeding to raise constitutional challenges." *Id.* at 883 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

We agree with the District Court's conclusion that both requirements were met. First, the District Court correctly determined that Appellants' claims fall under the third category of abstention-eligible state proceedings. Appellants' claims stem from the Pennsylvania state courts' orders placing the property into an Act 135 conservatorship and denial of their subsequent appeals. As the District Court correctly noted, Appellants cannot seek redress in federal court to circumvent the Pennsylvania state court's judicial function of adjudicating the conservatorship.

Second, the District Court correctly found that the *Middlesex* factors were present in this case. Appellants' latest challenge to the conservatorship was pending when the District Court issued its opinion. The action implicated Pennsylvania's interests in removing blight from abandoned properties in the State and enforcing its courts' orders and judgments. *See Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 409

6

(3d. Cir. 2005) (citation omitted), *abrogated on other grounds by Sprint*, 571 U.S. at 72 ("[Z]oning and land use issues are of traditional significance to states."); *Schall v. Joyce*, 885 F.2d 101, 109 (3d Cir. 1989) (stating that States have a "special interest" in "enforcing the orders and judgments of [their] courts"). Appellants' argument that *Younger* should not apply because they "have been denied redress under state law, to say nothing of federal law" is unavailing. Appellants' Br. at 17. Appellants had adequate opportunities, in the multiple appeals they instigated in Pennsylvania state court, to raise their constitutional claims, and in fact, did so, but were "denied redress." App. at 14. Thus, the District Court did not err in abstaining under *Younger*.

B. Judicial Immunity[4]

Alternatively, we also agree with the District Court that Judges Fox and Powell are immune from suit for both monetary damages and injunctive relief, and that amendment would be futile. Judges are afforded "absolute immunity for their judicial acts." *Figueroa*, 208 F.3d at 437. Appellants urge this immunity does not extend to Judges Fox and Powell because they were "working to advance specific legislation." Appellant's Br. at 27–31. While "a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief[,]" this exception does not apply here. *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017) (citations omitted). Judge Fox's participation in an Act 135 Continuing Legal Education course and involvement in other Act 135 proceedings do not involve

---

[4] We exercise de novo review over a district court's order granting immunity from suit. *Figueroa v. Blackburn*, 208 F.3d 435, 439 (3d Cir. 2000) (citation omitted).

"enforc[ing]" or "advanc[ing]" Act 135 so as to defeat judicial immunity. Appellants' Br. at 27–29.

The same reasoning applies to Judge Powell. Presiding over Appellants' challenges to the conservatorship and issuing related orders are quintessential "judicial act[s]" for which judges are immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (defining a "judicial act" for which judges have absolute immunity as "a function normally performed by a judge").

C.  Failure to State a Plausible Claim for Relief[5]

The District Court also correctly determined that Appellants do not state a plausible claim against Appellees PCDC, Champagne, Toner, and Orphanides & Toner under 42 U.S.C. § 1983. First, neither Toner nor his law firm acted under color of state law. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d. Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (citation omitted)). The District Court correctly cited *Angelico v. Lehigh Valley Hospital, Inc.* for the proposition that attorneys and their law firms do not become state actors "solely on the basis of their position as officers of the court." App. at 17 (citing 184 F.3d 268, 277 (3d Cir. 1999)).

---

[5] We exercise plenary review over a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 299 (3d Cir. 2020). To withstand a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Second, PCDC and Champagne are likewise private actors. Private persons or entities act "under color of state law for § 1983 purposes" by "willful participa[tion] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (internal quotation mark omitted). As the District Court correctly noted, prevailing in the conservatorship action does not render PCDC and Champagne state actors.[6] *See Dennis*, 449 U.S. at 28 ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

Finally, the District Court did not overlook the Complaint's "underlying merit" in regard to Plaintiff's claims against PCDC, Champagne, Toner, and Orphanides & Toner for fraud, breach of fiduciary duty, or a RICO violation. Upon careful review, we agree that Appellants' claims "are premised on conclusory allegations" that Appellees, along with numerous other actors in the Pennsylvania judicial system unnamed as defendants, have forged an "unholy alliance[]"to "take private property without just compensation." App. at 17–18. Appellants failed to allege the "who, what, where, and how" underlying their fraud claim as Federal Rule of Civil Procedure 9(b) requires. Likewise, they neither plausibly alleged that Appellees owed them a fiduciary duty and breached that duty, nor the predicate acts required to state a RICO claim.

III.

For these reasons, we will affirm the District Court's order.

---

[6] Even if PCDC and Champagne are "judicial officers," as Appellants urge, it is well-settled law that "officers of the court" are not state actors. *See Angelico*, 184 F.3d at 277.