

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# Conklin v. Purcell Krug

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1646

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Conklin v. Purcell Krug" (2008). *2008 Decisions.* Paper 1039.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1039

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 07-1646

STEPHEN G. CONKLIN,
Appellant

v.

PURCELL, KRUG & HALLER; LEON P. HALLER, Esquire; BRIAN J.
TYLER, Esquire; JOHN W. PURCELL, Esquire; HOWARD B. KRUG,
Esquire; JOHN W. PURCELL, JR., Esquire; JILL M. WINEKA,
Esquire; NICHOLE M. STALEY O'GORMAN, Esquire; EMC MORTGAGE
CORPORATION; RALENE RUYLE, President; SAXON MORTGAGE SERVICES,
INC.; W. LANCE ANDERSON, President; FIDELITY NATIONAL FORECLOSURE
SOLUTIONS; LARRY DINGMANN, Esquire; CLAY CORNETT, President;
GREGORY WHITWORTH, Executive Vice President; CHASE BANK OF
TEXAS, formerly known a Texas Commerce Bank, N.A.; WALTER V.
SHIPLEY; KRISTINE M. ANTHOU; DANIEL J. BIRSIC, Esquire;
GRENEN & BERSIC P.C.

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 05-cv-01726)
District Judge: Hon. Yvette Kane

Before: McKEE and RENDELL, Circuit Judges,
and TASHIMA, Senior Circuit Judge*

Submitted pursuant to Third Circuit LAR 34.1(a)
March 24, 2008

(filed: June 9, 2008 )

---

*The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

1

OPINION

McKEE, <u>Circuit Judge</u>.

Stephen G. Conklin appeals the district court's order dismissing his second amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). That complaint alleged that the defendants violated federal and state laws regulating debt collection and foreclosure proceedings. He also alleged that certain of the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO"). He also asserted numerous claims for conspiracy and violations of 39 U.S.C. § 3001(h), (I) (mailing deceptive solicitations), 39 U.S.C. §§ 3001, 3005 (mailing false documents for purposes of obtaining money) and 18 U.S.C. § 1341 (use of fraudulent scheme to collect debt). In addition, Conklin asserted claims under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq* ("FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 ("UTPCPL"). In a nutshell, Conklin alleges that the defendants, individually and collectively, violated the federal and state laws recited above in connection with the foreclosure of a home Conklin purchased in 1997 with the aid of a loan which he admitted was in default.

Inasmuch as we write primarily for the parties and the district court has set forth the factual and procedural history of this case, we find it unnecessary to restate the factual and procedural history here. *Conklin v. Purcell, Krug & Haller*, 2007 WL

2

404047 (M.D. Pa. Feb. 1, 2007). In its thorough and well-reasoned opinion, the district court explained its conclusion that Conklin failed to state any claims for which relief could be granted. Given the district court's analysis, there is little that we can add to explain why defendant's numerous allegations simply do not state a legal claim. Accordingly, we will affirm the district court's order dismissing defendant's complaint substantially for the reasons set forth in the court's Memorandum and Opinion.