AMENDED BLD-086                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2466
_____

STEPHEN G. CONKLIN,
Appellant

v.

KRISTINE M. ANTHOU, individually, and in her official capacity as an officer of the Court, and as agent for, and/or as representative of JPMorgan Chase, and EMC Mortgage Corporation; MARY D. GRENEN, individually, and in her official capacity as an officer of the Court, and as agent for and/or representative of EMC Mortgage Corporation; LAWRENCE T. HIMES, JR., individually, and in his official capacity as an officer of the Court, and, as agent for, and/or as representative of Green & Birsic, P.C.; GRENEN & BIRSIC, P.C., as counsel for JP Morgan Chase and EMC Mortgage Corporation; JP MORGAN CHASE, and/or; EMC MORTGAGE CORPPORATION; STEPHEN P. LINEBAUGH, individually and in his official capacity as Judge for the Court of Common Pleas of York County; RICHARD K. RENN, individually and in his official capacity as President Judge for the Court of Common Pleas of York County; MARIA MUSTI COOK, individually and in her official capacity as Judge for the Court of Common Pleas of York County; J. ROBERT CHUK, individually and in his official capacity as Court Administrator of the Court of Common Pleas of York County; YORK COUNTY SHERIFF'S OFFICE; RICHARD P. KEUERLEBER, individually and in his official capacity as Sheriff of York County; JOHN DOE, individually and in his official capacity as Deputy Sheriff of York County; COUNTY OF YORK; NINETEENTH JUDICIAL DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-02501)
District Judge:  Honorable Sylvia H. Rambo
_____

1

Submitted by the Clerk for Possible Jurisdictional Dismissal or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2012
Before: SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 20, 2012)
_____

OPINION
_____

PER CURIAM

Stephen G. Conklin appeals from several orders of the District Court, including one denying reconsideration of an order denying his motion for a preliminary injunction. For the following reasons, we will summarily affirm the District Court's denial of the preliminary injunction and dismiss the remainder of Conklin's appeal for lack of jurisdiction.

I.

Conklin filed a 91-page complaint against JP Morgan Chase and EMC Mortgage Corporation; the law firm and lawyers that represent them; three judges of the York County Court of Common Pleas and the court administrator; the Nineteenth Judicial District of Pennsylvania; York County; the York County Sheriff; and a John Doe Deputy Sheriff. He claimed that the defendants violated his civil rights, engaged in a conspiracy to deprive him of his property and his right to be heard in court, and violated several state laws in connection with allegedly fraudulent mortgage documents, an "illegal" foreclosure on and sale of his home after years of state court litigation, and ongoing ejectment proceedings filed against him in state court.

On April 5, 2011, Conklin filed a motion for a temporary restraining order ("TRO") and preliminary injunctive relief motivated by a March 21 default judgment entered against him in the ejectment action and a related writ of execution pursuant to which Conklin and his father were scheduled for eviction on April 7, 2011. Conklin asked the District Court to enjoin or restrain the defendants from evicting him and his father and to enjoin all pending state court proceedings concerning his property. On the same day, Judge Kane, who was assigned to the case, entered an order striking four paragraphs of the complaint and a motion for recusal that Conklin had filed, see Fed. R. Civ. P. 12(f), and a second order recusing herself pursuant to 28 U.S.C. § 455(a). The matter was immediately reassigned to Judge Rambo.

The Magistrate Judge assigned to the case issued a report and recommendation ("R&R") advising the District Court to deny Conklin's motion for injunctive relief. The Magistrate Judge concluded, among other things, that Conklin failed to establish a likelihood of success on the merits of his claims. The District Court adopted the R&R, but the state court granted Conklin a TRO and he and his father were not evicted at that time.

Conklin filed two motions for reconsideration of Judge Kane's orders[1] and a motion for reconsideration of his request for preliminary injunctive relief, all of which were denied. Conklin timely appealed the denial of his motion for reconsideration of the order denying him a TRO and preliminary injunction. He also sought review of the order

---

[1] Conklin did not "wish to change the result of Judge Kane's order of recusal," but challenged the reasoning behind that order.

striking four paragraphs from his complaint and his recusal motion, and Judge Kane's recusal order.[2]

## II.

To the extent Conklin's claims are not barred by the Rooker-Feldman doctrine, the District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343. This Court has jurisdiction to address the District Court's denial of a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1),[3] and may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009) (footnote omitted).

---

[2] After this appeal was filed, the case was reassigned to a new district judge and the eviction was rescheduled, prompting Conklin to file additional motions for injunctive relief. The District Court granted Conklin two TROs pending its consideration of whether a preliminary injunction was warranted, but ultimately denied preliminary injunctive relief on January 17, one day before the second TRO was set to expire. As the eviction has since been rescheduled for January 23, Conklin filed an emergency motion with this Court seeking a TRO to prevent his anticipated eviction.

[3] In contrast, we lack jurisdiction to review the District Court's denial of a TRO. See Nutrasweet Co. v. Vit-Mar Enters., Inc., 112 F.3d 689, 692 (3d Cir. 1997). We also lack jurisdiction to review the order striking four paragraphs of Conklin's complaint and his recusal motion, as that order is interlocutory and not appealable at this time. See Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 604-05 (2009) ("A final decisio[n] is typically one by which a district court disassociates itself from a case.") (quotations omitted and alteration in original); Gov't of V.I. v. Hodge, 359 F.3d 312, 319 (3d Cir. 2004) (explaining requirements of collateral order doctrine). Furthermore, Conklin lacks standing to challenge Judge Kane's recusal order. See Concerned Citizens of Cohocton Valley, Inc. v. N.Y. State Dep't of Envtl. Conservation, 127 F.3d 201, 204 (2d Cir. 1997) ("[I]f a court grants the ultimate relief a party requested, even though on grounds other than those urged by the prevailing party, that party is generally not 'aggrieved' by the judgment and may not appeal.").

"A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

We agree with the District Court that Conklin failed to establish a likelihood of success on his claims to justify a preliminary injunction. First, to the extent that Conklin seeks redress for injuries caused by the state courts' judgments, including the judgment against him in the foreclosure action and related sale of his property pursuant to that judgment, the District Court correctly concluded that the Rooker-Feldman doctrine bars his claims. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165-66 (3d Cir. 2010). To the extent Conklin seeks relief for injuries independent of, albeit related to, the state court proceedings, we agree with the District Court that many of his claims – such as those questioning the veracity of the mortgage documents – are likely barred by res judicata.[4] See Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (a valid, final judgment on the merits precludes future litigation between the parties or their privies on the same cause of action, including claims that could have been litigated during the first proceeding); see also Del. River Port Auth. v. Fraternal Order of

---

[4] Likewise, res judicata concerns are raised by an unsuccessful federal action that Conklin brought against some of the defendants in this case, in which he asserted federal and state claims stemming from the foreclosure proceedings on his home. See Conklin v. Purcell, Krug & Haller, 282 F. App'x 193 (3d Cir. 2008).

Police, 290 F.3d 567, 573 (3d Cir. 2002) ("A federal court looks to the law of the adjudicating state to determine its preclusive effect.").

There are additional problems with Conklin's claims that make his success on the merits unlikely. The crux of his complaint is that the banks, their lawyers, and the state judges presiding over proceedings relating to his property engaged in a vast conspiracy to deprive him of his property without due process. However, nothing in the complaint suggests that the alleged conspiracy was motivated by racial or class-based discriminatory animus such that he could prevail on a § 1985 claim. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Furthermore, contrary to Conklin's apparent belief, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." See Dennis v. Sparks, 449 U.S. 24, 28 (1980). Conklin therefore is also unlikely to prevail on his § 1983 claims against JP Morgan Chase, EMC Mortgage, and their attorneys, as those defendants cannot likely be considered state actors. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

More fundamentally, we find it difficult to see how Conklin was deprived of due process when he was given an opportunity to defend against the foreclosure and ejectment actions, appeared at several hearings, and filed numerous motions in state court, including stay motions that were granted and a motion to vacate the default judgment entered against him in the ejectment action. That Conklin was ultimately unsuccessful, or disagrees with the manner in which the state judges handled or continue to handle his cases, does not amount to a due process claim. See Miller v. City of Phila.,

6

174 F.3d 368, 373 (3d Cir. 1999) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (quotations omitted). In sum, having thoroughly reviewed the complaint and Conklin's filings, we find it unlikely that he will be entitled to a judgment in his favor.

For the foregoing reasons, we will summarily affirm the District Court's denial of Conklin's motion for a preliminary injunction. For the same reasons, we deny Conklin's emergency motion for a temporary restraining order. See Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). We will dismiss the remainder of Conklin's appeal for lack of jurisdiction.