DLD-124                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2019
_____

NONA FARRAR,
                        Appellant

v.

JOHN T. MCNESBY; PHILADELPHIA FOP LODGE #5;
MAUREEN FAULKNER; DELTA AIRLINES, INC;
DELTA AIRLINES DOE #1; DELTA AIRLINES DOE #2;
U.S. AIRWAYS, INC; U.S. AIRWAYS, INC DOE #3;
U.S. AIRWAYS, INC DOE #4; U.S. AIRWAYS, INC DOE #5;
HILTON WORLDWIDE, INC; HILTON GARDEN INN DOE #6;
CHUCK CANTERBURY; DAVID GERSH;
PAT MASSENGILL; SEPHIRA SHUTTLESWORTH;
FRATERNAL ORDER OF POLICE; HOLIDAY INN BIRMINGHAM AIRPORT;
HOLIDAY INN BIRMINGHAM AIRPORT DOE #7;
ERIC H. HOLDER;
UNIDENTIFIED TSA AGENT DOE #8
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-05683)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Filed: February 25, 2016)

_____

OPINION[*]

_____

PER CURIAM

Nona Farrar, proceeding pro se, appeals from orders of the United States District Court for the Eastern District of Pennsylvania granting the Defendants' motions to dismiss her complaint. Because no substantial question is raised by the appeal, we will summarily affirm the judgment of the District Court. See Third Cir. LAR 27.4 and I.O.P. 10.6.

We write principally for the benefit of the parties and recite only the essential facts and procedural history. Farrar filed a complaint in the District Court alleging that a nationwide network of flight attendants from Delta Airlines and U.S. Airways, hotel receptionists from the Hilton Garden Inn and Holiday Inn, former Attorney General Eric Holder, an unidentified agent of the Transportation Security Administration (TSA), unidentified agents of the Federal Bureau of Investigation (FBI), the Philadelphia and National Fraternal Orders of Police and their presidents, and four individuals, conspired to deprive her of her constitutional rights and prevent her from effectively running her event planning business. She claimed that they did so because of her race and association with Mumia Abu-Jamal, a Pennsylvania state inmate who was convicted of the murder of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Philadelphia Police Officer Daniel Faulkner.[1] Farrar purported to assert constitutional claims either pursuant to 42 U.S.C. § 1981, § 1983, § 1985 and § 1986, or <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] She also alleged that the Defendants had violated civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), and appeared to seek the imposition of criminal liability against the Defendants under the Hobbs Act, 18 U.S.C. § 1951, and the Travel Act, 18 U.S.C. § 1952.

The Defendants separately moved to dismiss Farrar's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a series of orders, the District Court granted the motions to dismiss. After the District Court denied Farrar's motions for reconsideration, she timely appealed. Thereafter, this Court listed the appeal for possible summary action, <u>see</u> Third Cir. LAR 27.4 and I.O.P. 10.6. Most of the Appellees also filed motions for summary affirmance. Farrar has submitted responses in opposition to the motions for summary affirmance. She also presents a motion for summary reversal and numerous other documents in support of her appeal.

---

[1] Farrar appeared to allege that the Defendants conspired to harm her business because they believed that she would contribute money to Abu-Jamal's defense fund. Although the Defendants reside throughout the United States, Farrar claims that they held secret meetings and acted through a network of flight attendants, FBI agents, and others in order to violate her rights.

[2] In <u>Bivens</u>, the Supreme Court recognized a private cause of action to recover damages against federal actors for constitutional violations. <u>See</u> 403 U.S. at 389.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's orders granting the Defendants' motions to dismiss pursuant to Rule 12(b)(6). See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

At the outset, we note that to the extent Farrar sought to impose criminal liability on the Defendants, the claims were properly dismissed. See United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.")[3]

---

[3] Although RICO authorizes civil suits by any person injured in her business or property by reason of a violation of 18 U.S.C. § 1962, see Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991), we agree with the District Court that Farrar failed to allege that any of the Defendants engaged in (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity, see Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). Indeed, her conclusory allegations of misconduct fell far short of that showing.

Next, with regard to the non-Federal Defendants, Farrar's claims fail for the reasons identified by the District Court. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, the majority of the Defendants are private companies and citizens—not state actors.[4] Although private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, see Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), for reasons discussed more fully below, Farrar's vague allegations of a conspiracy do not satisfy the plausibility standard of Rule 12(b)(6).

Farrar's claims under §§ 1985 and 1986 against those Defendants fare no better. Section 1985(3) requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the Defendants' actions, and she must set forth facts from which a conspiratorial agreement between the defendants can be inferred. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). Farrar made no such showing. Notably, she failed to set forth any facts that would allow one to infer that

---

[4] We note that even if Appellees John T. McNesby and Chuck Canterbury might be construed as state actors because of their associations with the Philadelphia and National Fraternal Orders of Police, Farrar failed to allege facts suggesting that they were personally involved in the alleged constitutional violations. See Iqbal, 556 U.S. at 675-77; Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (holding that a plaintiff must establish that a defendant has personal involvement in the alleged wrongdoings). Thus, they are entitled to dismissal on that additional basis.

the Defendants entered into an agreement for the purpose of targeting her protected rights. In addition, the complaint contains no allegations which might show that the Defendants were motivated by racial animus. See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006). Given that the elements of a § 1985 conspiracy were absent from Farrar's complaint, the District Court correctly concluded that her § 1986 cause of action was insufficient as a matter of law. See Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Farrar also failed to allege any facts suggesting that those Defendants violated any of the rights protected by § 1981, which forbids discrimination on the basis of race in the making of public and private contracts. See St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987).

The District Court also correctly dismissed Farrar's claims against the Federal defendants. It is well-settled that a Bivens claim cannot rely on the theory of respondeat superior; that is, in a Bivens action "masters do not answer for the torts of their servants." Iqbal, 556 U.S. at 675-77 (internal quotation marks omitted). As we noted earlier, a party may establish liability for deprivation of a constitutional right only through a showing of personal involvement by each defendant. Rode, 845 F.2d at 1207. Personal involvement may be shown through personal direction, actual participation in the alleged misconduct, or knowledge of and acquiescence in the alleged misconduct. Id.

Here, insofar as Farrar named former Attorney General Holder as a Defendant, Farrar did not allege that he was personally involved in the alleged denial of her rights.[5] The complaint does not recite a single fact that would establish that former Attorney General Holder was aware of Farrar's support for the Abu-Jamal defense fund. Nor does the complaint allege facts suggesting that former Attorney General Holder personally authorized an FBI investigation because of Farrar's race or in retaliation for her protected activities. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

The District Court also appropriately determined that the doctrine of sovereign immunity bars Farrar's action against the unidentified TSA agents and FBI agents, who Farrar sued in their official capacities. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), see also Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012). However, even if those claims were not barred (or if the complaint might be construed as asserting a Bivens claim against the unidentified agents in their individual capacities), for the reasons identified by the District Court, Farrar failed to state a claim for relief against those Defendants.

To the extent that Farrar challenges the District Court's decision to deny reconsideration, we perceive no error on the part of the District Court because she did not present a basis for doing so. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The District Court also appropriately declined to grant

---

[5] Farrar's action against former Attorney General Holder is expressly one for personal liability pursuant to Bivens.

Farrar leave to amend her complaint. Leave to amend should be granted unless amendment is futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Based on the nature of Farrar's allegations, the District Court had reason to determine that an amendment would have been futile.[6]

For these reasons, we will grant Appellees' motions for summary affirmance and affirm the judgment of the District Court. Appellant's remaining motions are denied.

---

[6] Further, Farrar appears to have known that her claims were defective before she filed her complaint in the Eastern District. Indeed, the United States District Court for the Central District of California dismissed as frivolous a complaint that she earlier filed in that Court which presented substantially similar claims, see Farrar v. Faulkner, et al., C.D. Cal. No. 13-5277 (order entered Aug 8, 2013).