NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0317n.06

No. 16-2651

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 08, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARY MORRISON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GEORGE K. MILLER and LAURIE R. MILLER, | ) | COURT FOR THE EASTERN |
| individually and d/b/a PINE HILL STABLES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: DAUGHTREY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Mary Morrison appeals the district court's dismissal of her complaint against George and Laurie Miller and their business Pine Hill Stables. We affirm.

Morrison was a part-owner of several racehorses. More than seven years ago, one of her co-owners contracted with the Millers to board the horses at the Millers' stables in Cohocton, New York. Morrison and her co-owners eventually stopped paying boarding fees. To recover the debt, the Millers foreclosed on the horses, sold them in a private lien sale, and then sued Morrison and her co-owners in New York state court for the debt still outstanding after the sale. Morrison moved to dismiss, arguing that the New York court did not have personal jurisdiction over her because she bought the horses while living in California and later moved to Michigan. The court granted her motion by order, but then rescinded the order, explaining that it had been entered in error.

Morrison thereafter sued the Millers in federal court, raising (among other claims) a due-process claim under 42 U.S.C. § 1983 and a claim for "abuse of process." The Millers moved to dismiss for failure to state a claim. The district court granted the motion, holding that it should abstain given the ongoing state-court suit, *see Younger v. Harris*, 401 U.S. 37 (1971), and that Morrison's claims also failed on the merits. We review the district court's decision de novo. *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016).

As an initial matter, Morrison argues that the Millers' motion to dismiss was untimely because they filed it after their answer. Motions to dismiss "must be made before pleading." Fed. R. Civ. P. 12(b). But a party can move for judgment on the pleadings any time "[a]fter the pleadings are closed," so long as the motion does not "delay trial." Fed. R. Civ. P. 12(c). Given that the Millers filed their motion four months before the trial date, the motion was timely under Rule 12(c).

On the merits, Morrison argues that she adequately pled a due-process claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead facts that, if taken as true, establish that the defendants were functioning as "state actors" when they violated her rights. *Marie v. Am. Red Cross*, 771 F.3d 344, 361-62 (6th Cir. 2014). Here, Morrison says that she alleged the Millers were state actors for two reasons: first, they sold her horses in an "extra-judicial lien sale," and second, they sued her in a court that did not have personal jurisdiction over her. R. 1 at PageID 1, 8-9. But the Millers did not become state actors when they sold Morrison's horses without court authorization. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 166 (1978). Nor did they become state actors when they sued Morrison in state court. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Hence Morrison failed to state a due-process claim under § 1983.

Morrison also argues that the district court erred by dismissing her abuse-of-process claim. Morrison did not specify in her complaint whether she brought her claim under § 1983 or state law. If she brought the claim under § 1983, then it fails because the Millers are not state actors. If she brought the claim under state law, then she needed to identify some "ulterior purpose" that the Millers were pursuing when they sued her. *Friedman v. Dozorc*, 312 N.W.2d 585, 594 (Mich. 1981). And as to the Millers' motives, Morrison pled only that they sought to recover the money that she allegedly owed them. R. 1 at PageID 9. That purpose is not improper, and thus Morrison failed to state an abuse-of-process claim.

The district court's judgment is affirmed.