NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| N. L., a minor, by and through his Guardian ad litem and all others similarly situated Guardian Ad Litem Jacqueline Arce,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHILDRENS HOSPITAL LOS ANGELES; CHILDRENS HOSPITAL LOS ANGELES MEDICAL GROUP,<br><br>Defendants-Appellees. | No.   16-56019<br><br>D.C. No.<br>2:15-cv-07200-AB-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted February 8, 2018
Pasadena, California

Before:   GRABER and HURWITZ, Circuit Judges, and MARBLEY,[**] District
Judge.

N.L., a minor suing through his guardian ad litem, appeals the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

Rule 12(b)(6) dismissal of this putative class action raising 42 U.S.C. § 1983 claims against Children's Hospital Los Angeles and Children's Hospital Los Angeles Medical Group (collectively "CHLA"). The operative complaint alleges that CHLA violated N.L.'s constitutional rights by conducting an invasive forensic medical examination for signs of child abuse without judicial authorization and without his parents' knowledge or consent. The district court held that the pleading did not state a claim under § 1983 because it did not plausibly allege that CHLA acted under color of state law. We have jurisdiction, 28 U.S.C. § 1291, and reverse and remand.

1. The factual allegations in the operative complaint, which we must take as true in the context of a motion to dismiss, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), give rise to a plausible inference that CHLA acted under color of state law, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading plausibly alleges that, in performing an intrusive forensic examination of N.L., CHLA was not providing medical treatment but instead was exercising its discretion to collaborate with county government in the laudable endeavor of investigating child abuse, a potential crime. *See West v. Atkins*, 487 U.S. 42, 54–55 (1988) (concluding that a private physician who assists the state in carrying out a governmental function is a state actor); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (holding that a private defendant can act under color of state law if it is a "willful participant in joint action with the State or its agents").

2

2. We of course today express no opinion on the validity of N.L.'s claims, or on whether, even if CHLA is shown to be a state actor, it is entitled to qualified immunity. Nor do we address today other possible deficiencies in the first amended complaint. We hold only that the complaint's allegations that CHLA acted under color of state law are sufficient to survive a motion to dismiss for failure to state a claim.

**REVERSED and REMANDED.**