**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2736

_____

EBONY R. MITCHELL,
                                                    Appellant

v.

ALONZO MITCHELL; JOAN MITCHELL; DEPARTMENT OF SERVICES
FOR CHILDREN YOUTH AND THEIR FAMILIES;
KIMBERLY CLARK, Honourable Judge

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-00541)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 14, 2018)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ebony Mitchell appeals pro se from the District Court's order dismissing her civil rights complaint. For the reasons that follow, we will affirm.

Appellant named as defendants Alonzo Mitchell, Joan Mitchell, and the Allegheny County Department of Human Services, Office of Children, Youth & Families ("DHS"). According to Appellant's complaint, Alonzo Mitchell and DHS, "unlawfully misrepresented and placed [her] child in a permanent placement using another person's record and have associated that record to my name [and social security number] since January 2013." Appellant asserted that her rights were violated by the involvement of a guardian ad litem and "an assertion of mental health and incarceration." The Magistrate Judge reviewed the complaint and issued a report recommending the complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Appellant was informed of her right to file objections to the report and recommendation. Instead of filing objections, Appellant filed an amended complaint. The amended complaint named the Honorable Kimberly Clark as a new defendant and asserted that the judge failed to provide equal benefits and protections. The District Court dismissed the action for failure to state a claim.[1]

---

[1] After the District Court dismissed Appellant's complaint, Appellant filed untimely objections to the Magistrate Judge's report and recommendation. Because Appellant addressed her objections to the Magistrate Judge and the District Court had already adopted the Magistrate Judge's recommendation, we decline to construe this filing as a motion that remains pending in the District Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Pro se complaints must be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and we accept the factual allegations contained in the complaint as true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To establish a claim under Section 1983, a plaintiff must show she was deprived of a federal constitutional or statutory right by a state actor. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Here, Alonzo and Joan Mitchell are private actors, not state actors and Appellant has failed to plausibly allege that they conspired with or engaged in any joint activity with state actors that could establish liability. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Likewise, the District Court was correct that DHS could not be held liable under Section 1983 unless the alleged violation was caused by an official policy or custom. See Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978). The allegations in the complaint do not plausibly reflect that any such policy or custom existed.

With regard to Appellant's claims against the Honorable Kimberly Clark, Judge Clark was immune from suit under the Eleventh Amendment, because she was sued in

3

her official capacity.  See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010); MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Judge Clark is also entitled to judicial immunity to the extent Appellant sought to sue Judge Clark in her individual capacity, because Appellant challenges the judge's performance while presiding over a state court matter.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).

Finally, we note that Appellant's filings consist largely of conclusory and inapposite legal jargon.  Appellant has now had numerous opportunities, in the District Court and in this Court, to assert some plausible claims for relief, but she has not done so. Under these circumstances, we cannot say that the District Court abused its discretion in denying leave to amend.

For the foregoing reasons, we will affirm the judgment of the District Court.