[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12987

Non-Argument Calendar

_____

DIYONNE L. MCGRAW,

Plaintiff-Appellant,

*versus*

KHANH-LIEN ROBERTS BANKO,
SELDON J CHILDERS,
CHILDERS LAW, LLC,
RON DESANTIS,
In his Individual Capacity and Official
Capacity as Governor of Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cv-00163-AW-MAF

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

We grant the petition for rehearing in part, withdraw our previous opinion, and replace it with the following.

Diyonne McGraw won an election for a school board seat for District Two in Alachua County, Florida. But McGraw had a problem: The local media discovered that she did not actually live in that district, even though a county official had told her otherwise. So McGraw's opponent in the primary election, Khanh-Lien Roberts Banko, hired an attorney, Seldon Childers, to file an emergency declaratory judgment action against McGraw in state court. Banko alleged that McGraw's seat was technically vacant under Florida law, which requires that public officials live in the districts they represent. The state court denied Banko's emergency motion for relief but suggested that Banko was likely to succeed on the merits. Childers forwarded that order to Governor DeSantis's office, and Banko also wrote to the Governor.

In response, Governor DeSantis issued Executive Order 21-147. The Executive Order explained that, because he concluded that McGraw failed to maintain residency in District Two, her seat was vacant as a matter of law. McGraw filed a petition for a writ of

quo warranto against Governor DeSantis in state court, which the court denied. McGraw appealed that order.

McGraw then filed this action. In the operative complaint, McGraw alleges that Governor DeSantis, Banko, Childers, and Childers's law firm conspired to infringe her "fundamental right" under the Due Process Clause of the Fourteenth Amendment to "vote and have her vote counted." She sought compensatory damages and injunctive relief. The defendants separately moved to dismiss the second amended complaint.

The district court dismissed each of McGraw's claims— some on justiciability grounds, the rest on the merits. Banko appealed.

After appealing, McGraw ran for election in a newly drawn District Two and won, which mooted the state court appeal of her petition for a writ of quo warranto. Likewise, McGraw concedes that her requests for injunctive relief in this case are moot because she currently serves on Alachua County's school board. So we consider only her claims for damages in this appeal.

We review *de novo* a district court's order granting a Rule 12(b)(6) motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," meaning it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

McGraw contends that Governor DeSantis and by extension the other defendants[1] violated her substantive due process right "to vote and have her vote counted." By removing her from office, her theory goes, Governor DeSantis "disenfranchised her and her voters." As for McGraw's only remaining claim for damages, the Governor argues that he is protected by qualified immunity because his actions did not violate clearly established law. We agree.

The Due Process Clause of the Fourteenth Amendment "guarantee[s] some rights that are not mentioned in the Constitution, but any such right must be 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2242 (2022) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Courts rarely recognize new substantive due process rights. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) ("[T]he Court has always

---

[1] The other defendants argue that they are not state actors for the purposes of this constitutional claim. We agree. It is "[o]nly in rare circumstances" that a private party can be viewed as a state actor for purposes of Section 1983. *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992). A private person may be considered a state actor if they willfully participated in a joint act with the state or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). We cannot say that Banko, Childers, and Childers's law firm engaged in that kind of joint act when they petitioned the Governor in light of the state court's ruling. *See, e.g., Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985)("One who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.").

been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."). A plaintiff may bring an action under Section 1983 for violations of substantive due process rights, *see Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013), but a plaintiff cannot prevail unless the Due Process Clause protects the right invoked.

For its part, qualified immunity shields state officials from liability for money damages in their individual capacity unless a plaintiff pleads facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "'Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, —— U.S. ——, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)) (internal quotation marks omitted).

McGraw cannot prove the existence of a clearly established substantive due process right on which she may base her claim. McGraw relies on a single, inapposite decision from the former Fifth Circuit. *See Duncan v. Poythress*, 657 F.2d 691, 703-04 (5th Cir. Unit B Sept. 1981). There, the court held that public officials disenfranchise the electorate when they fill by appointment an office that state law mandates filling by election. This case has little in

6                        Opinion of the Court                        22-12987

common with *Duncan*. There, state officials deprived voters of an election to fill a public office where state law required one. *Id.* Here, voters voted and elected McGraw. But Governor DeSantis determined the seat to which McGraw was "elected" was vacant under state law because he determined that she did not reside in the district. Put differently, voters exercised their right to vote. But they elected someone who another state official determined was ineligible to hold the position under state law. We cannot say that the Governor's actions violated a clearly established constitutional right such that he may be held liable for damages.

For these reasons, the district court is **AFFIRMED**. McGraw's motions for sanctions are **DENIED**.